MARK A. KLEIMAN (SBN 115919)
LAW OFFICE OF MARK ALLEN KLEIMAN
2907 Stanford Ave. Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

BEN GHARAGOZLI (SBN 272302)
LAW OFFICES OF BEN GHARAGOZLI
2907 Stanford Avenue
Marina del Rey, California 90292
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABAB ABDULHADI,<br><br>　　　　　Plaintiff,<br>　　　　v.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

　　　　1.　　　This is an action for employment discrimination in violation of federal and state civil rights laws.  Plaintiff, Rabab Abdulhadi ("Plaintiff") alleges she has been discriminated against based on her national origin, her gender, and her  religious affiliation.  She also alleges that although the - Defendant knew she suffered from disabilities, Defendant refused to make reasonable accommodations to that disability and has intermittently refused to even engage in the interactive process the law requires.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

## PARTIES

2.    Plaintiff, Rabab Abdulhadi is an Associate Professor at San Francisco State University (hereafter "SFSU"), which is part of the California State University system.  She is female, Palestinian, and, as will be detailed below, suffers from a disability or disabilities which significantly limits major life activities.

3.    California State University (hereafter CSU) is a governmental entity, which operates public universities throughout California, including SFSU.

4.    Defendant Board of Trustees of CSU adopts and oversees the implementation of policies throughout the entire CSU system, including SFSU.  Those policies include, *inter alia*, policies for civil rights compliance and human resources management for all the campuses.

## JURISDICTION

5.    Jurisdiction is proper because this action includes claims that Defendant harmed Plaintiff through discriminatory employment practices in violation of 42 U.S.C. §§ 2000e et. seq. as amended (hereafter "Title VII"), denied Plaintiff's equal rights under 42 U.S.C. §1981, and also discriminated against her in violation of 42 U.S.C. §§ 12112 et. seq.

6.    To the extent that the conduct giving rise to this action also implicates state law claims, this Court is requested to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367.

7.    None of the claims advanced in this complaint are subject to any collective bargaining agreement.

## VENUE

8.    Venue is proper in this district under 28 U.S.C. §1391(b) because all or nearly all of the events or omissions giving rise to this action occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    On August 2, 2017, Plaintiff received a Notice of Case Closure and Right to Sue from the California Department of Fair Employment and Housing based upon her timely filed complaint of "Discrimination Denied a good faith interview process, Denied a work

---

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

2

environment free of discrimination and/or retaliation, Denied equal pay, Denied promotion" on the basis of her "Disability, National Origin, - including language use restrictions, Race, Religion, Sex – Gender."

## ALLEGATIONS

### Discrimination Based on National Origin, Race, and Religion

10.    Rabab Abdulhadi was born and grew up in Palestine.  When she was twelve years old the Israeli Army invaded and occupied her city, Nablus, and established military rule in violation of well-established international law.    She later came to the United States, earned her BA at Hunter College in 1994 and went on to graduate school at Yale University, earning two Master's degrees and a doctorate in Sociology, the latter being earned in 2000.

11.    Dr. Abdulhadi is of Palestinian descent, as her parents, grandparents, and great-grandparents are Palestinian.  Just as persons of Mexican descent are commonly thought of as a different race than whites, persons of Palestinian descent are commonly thought of as Arabs and Muslims and are, in common imagination, thought of as a different race than whites.

12.    From 2004-2006 Dr. Abdulhadi was the Director of the Center for Arab American Studies at the University of Michigan (Dearborn).

13.    In 2006 Dr. Abdulhadi was recruited to come to SFSU as a tenured Associate Professor. She joined the SFSU faculty on January 2, 2007 on the basis of a job offer and a Memorandum of Understanding (MOU) several points of which the Defendant has persisted in violating.

14.    In 2012 SFSU -removed the budget lines, which permitted Dr. Abdulhadi to hire research associates and lecturers leaving her as the sole faculty member in this "program".

15.    SFSU has singled out Dr. Abdulhadi for repeated scrutiny of how she spends her authorized budget for research-related travel, has demanded justifications of her trips not asked of other faculty, and has repeated "lost" travel-related documents, delaying reimbursement and forcing Dr. Abdulhadi through the time consuming exercise of repeatedly finding and resubmitting the same paperwork.  This has had the effect of distracting Plaintiff from

---

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

1   Plaintiff's academic and scholarly obligations, which are already unconscionably burdensome

2   in light of SFSU'S repeated refusal to provide administrative support for this officially

3   sanctioned program.

4       16.    In addition to -direct forms of national origin discrimination - SFSU has tolerated

5   the acts of third parties that have created and maintained a hostile and threatening environment

6   for Dr. Abdulhadi.  In October of 2016 and again in May of 2017 the SFSU campus was

7   plastered with posters bearing a drawing of Dr. Abdulhadi and her name under the phrase

8   "**TERRORIST SUPPORTER**" along with the words "Jew Hatred"  The allegation of anti-

9   Semitism was defamatory and maliciously made by those who plastered the posters.

10      17.    Even members of the University community are required to register posters and

11  obtain permission before putting them up. SFSU also carefully and fully regulates <u>where</u>

12  posters may be placed.   SFSU removes posters put up by students or faculty which do not

13  comply with these regulations.  However, SFSU delayed removing one set of posters and flatly

14  refused to remove the later second set, even though they were unapproved and placed in

15  numerous areas where posters are not allowed , per SFSU's written regulations..

16      18.    The posters and the threats Dr. Abdulhadi received shortly after they were put up

17  made her fear being assaulted on campus.  She reported these incidents to the authorized

18  authorities at SFSU.  Nevertheless, SFSU has told her nothing about whether an investigation

19  was even conducted, much less -who was responsible for allowing these unauthorized posters

20  to be posted on campus grounds and to remain up.

21      19.    Campus administrators have themselves engaged in bigoted attacks on Dr.

22  Abdulhadi.  In a 2014 meeting, with College of Ethnic Studies Dean and faculty, when Dr.

23  Abdulhadi asked a question about funding for AMED Studies, then-Provost Susan Rosser said

24  "I don't fund Holocaust deniers" and minutes later repeated that statement.  Although President

25  Wong was present neither he nor any of the other administrators objected or even challenged

26  these racist remarks.  Plaintiff has never denied the Holocaust and has frequently made

27  statements condemning those who have denied the Holocaust.  The label "Holocaust denier" is

28

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

4

1    used by extreme opponents of Palestinian activism to bully and intimidate Palestinian activists

2    and their allies with defamatory and malicious accusations of anti-Semitism.

3         20.    Despite her senior status and her title as director and senior scholar in AMED

4    Studies, Dr. Abdulhadi, a Palestinian Muslim woman, was repeatedly excluded from

5    University task forces and working groups that were set up to address anti-Semitism and

6    Islamophobia.

7         21.    Plaintiff is informed and believes and based thereon alleges that the same

8    Islamophobic attitudes manifest in baselessly equating her program, her students, and her

9    associates with "holocaust deniers", antisemitism and terrorism that motivate the

10   discriminatory acts directed at her.

11                            **Disability Discrimination**

12        22.    Dr. Abdulhadi has sciatica, herniated discs in her spine and neck, and carpal

13   tunnel syndrome.  These disabilities are exacerbated when Dr. Abdulhadi carries heavy objects,

14   does extensive typing or handwriting, walks long distances, or stands for a long time.  She has

15   been prescribed splints, anti-inflammatory injections, pain medications, and hot and cold

16   compresses, and uses these modalities.  Surgery on her shoulder was unhelpful because she

17   still had to carry a very heavy computer and was refused the assistance she requested and

18   needed.

19        23.    Dr. Abdulhadi has also been diagnosed with a bilateral sensorineural hearing loss

20   with only 48% speech understanding when background noise is present.  Her otolaryngologist

21   has recommended that she teach online and that she is assisted with captioning for audio-visual

22   material she uses in her work.

23        24.    These disabilities materially interfere with her significant life activities.

24        25.    Despite these disabilities, Dr. Abdulhadi has performed well as a professor,

25   getting favorable reviews from the vast majority of her students and accolades and recognition

26   from her academic peers for her scholarship and public engagement. She lectures

27   internationally and has promoted the university and the college at international public and

28

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

5

academic research sites. She is a valued reviewer to scholarly publications and serves on several well-respected research boards. She successfully founded the AMED Studies program and obtained university approval for students to officially declare the field as an academic Minor  with 22 courses that are relevant to contemporary public concerns and are also classified as General Education courses that fulfil several university requirements in the areas of Global Perspectives, Social Justice, American Ethnic and Racial Minorities, as well as Upper- and Lower-Division in the Humanities and Social Sciences. She initiated and established the Memorandum of understanding (MOU) between SFSU and An-Najah National University in Palestine, the first and only collaborative agreement SFSU has with any Arab or Muslim research site. She founded the Edward Said Scholarship for merit and community service to SFSU graduate and undergraduate students. She takes great pride in her work and is deeply committed to her students, investing significant amounts of time and energy to mentor them and encourage their intellectual endeavors and community service inside and outside the classroom. Her students were accepted in well-regarded doctoral programs at top universities, receiving distinguished awards and shining in their fields. As a public intellectual, a service SFSU emphasizes and cherishes, Dr. Abdulhadi has brought international recognition to university and the college at public forums and intellectual research sites. She has an active research agenda with cutting edge and pioneering research project on matters of public concerns and current relevance in the U.S. and throughout the world. Dr. Abdulhadi has also launched an active public education campaign at AMED Studies that opens up the classroom to the community and exposes students to community-based knowledge and expertise and further allows students, scholars, and community leaders to collectively co-learn and discuss pertinent issues in a critical thinking approach of respect for diverse views and debates. The open classrooms/public events she organizes with no funding from the university are further streamed live to reach larger audiences and engage global publics, thus also fulfilling SFSU goal of becoming a global university.

26.     Despite her multiple requests, SFSU has failed to provide plaintiff reasonable accommodations for her disabilities. The accommodations she needs are comparatively minor and are not so costly as to make it impracticable for SFSU to accommodate Plaintiff including, but not limited to permitting Plaintiff to do online teaching, allowing her to work remotely, reducing the amount of paperwork and incessant and unnecessary emails she must respond to from SFSU administrators without assistance, furnishing her with a lightweight, portable, appropriate computer, with timely and proper captioning, other devices and medically approved accommodations, and hiring student assistants and administrative staff.

## SEX DISCRIMINATION

27.     SFSU administrators have repeatedly invoked demeaning and sexist tropes with reference to Dr. Abdulhadi in such a way as to create and maintain a hostile work environment. Just some of these demeaning descriptions include:

    a.   On May 11, 2016, and  , the Dean referred to Dr. Abdulhadi, <u>in front of her students</u> as a "broken record", implying to them that she is not listened to or believed.

    b.   When Dr. Abdulhadi repeated her request for a laptop computer to replace one that was stolen from her on a 2015 research trip, the then-Dean referred to her insistence as "nagging".

    c.   In an April 2016 meeting SFSU President Wong told Dr. Abdulhadi that she was "too demanding".

28.     By using belittling and demeaning descriptions, these powerful men all signaled to Dr. Abdulhadi's students and colleagues that she need not be taken seriously and that she could be dealt with dismissively.

29.     Despite her title as Director and Senior Scholar of AMED studies, and her expertise in her field, Defendant has excluded Dr. Abdulhadi from decision-making about the program she created, is running and in which she has expertise compared with those who undermine her.  She is excluded from decisions about courses that should be offered, lecturers

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

1   that might be hired, grants the program receives, or even advanced notification of meeting

2   agendas and post meeting minutes. She is treated with disrespect and dictated to in a manner

3   that disregards her seniority and expertise and signals that she needs to be put in her place, a

4   habitual message to professional women of color who are presumed to be incompetent on the

5   basis of their gender, race, religion, or ability.

6

7   **First Cause of Action for Race Discrimination in Violation of 42 §U.S.C. 1981**

8       30.     Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully

9   set forth herein.

10      31.     Dr. Abdulhadi is in a protected class because of her race.

11      32.     At all times material hereto Dr. Abdulhadi has been qualified for the

12   employment position, job responsibilities and duties she performed for SFSU.

13      33.     Through its managerial employees, Defendant has engaged in acts, practices, and

14   a course of conduct, which discriminated against Dr. Abdulhadi because of her race and

15   national origin.

16      34.     The Defendant's actions which are the subject of this Complaint, were motivated

17   by race when Defendant denied her resources, denied her protection, subjected her to excessive

18   and unwarranted scrutiny and requirements not endured by professors.  Those acts deprived Dr.

19   Abdulhadi of equal employment opportunities, equal terms and conditions of employment, and

20   adversely affected her status as an employee because of her race.

21      35.     Defendant subjected Dr. Abdulhadi to unequal terms and conditions of

22   employment.  Her race or as an "Arab was a substantial motivating factor in defendant's

23   decision to subject Plaintiff to unequal terms and conditions of employment.

24      36.     By impairing Dr. Abdulhadi's ability to perform her job functions because of her

25   race Defendant violated 42 U.S.C. §1981.

26

27

28

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

37.     This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career.

38.     As a direct and legal result of Defendant's violation of 42 U.S.C. §1981, Dr. Abdulhadi has suffered embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

39.     As a further direct and legal result of Defendant's violation of 42 U.S.C. §1981, Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

40.     SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

41.     Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

### Second Cause of Action for Race, National Origin, and Religious Discrimination in Violation of 42 §U.S.C. 2000e et. seq.

42.     Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.

43.     Dr. Abdulhadi is in a protected class because of her race or alternatively her  race, ("Arab"), her national origin (Palestinian), and her  religion (Muslim).

44.     At all times material hereto Dr. Abdulhadi has been qualified for the employment position, job responsibilities and duties she performs for SFSU.

45.     Through its managerial employees, Defendant has engaged in acts, practices, and a course of conduct, which discriminated against Dr. Abdulhadi because of her race, her national origin, and/or her religion.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

9

46.     Defendant's actions which are the subject of this Complaint, were motivated by race, national origin, and/or religious discrimination when they denied her resources, denied her protection, subjected her to excessive and unwarranted scrutiny and requirements not endured by white  professors, U.S. born, and/or non-Muslim male professors.  Those acts deprived Dr. Abdulhadi of equal employment opportunities, equal terms and conditions of employment, and adversely affected her  work as an employee because of her race, her national origin, and/or her  religion.

47.     Defendant subjected Dr. Abdulhadi to unequal terms and conditions of employment.  Plaintiff's race or  race as an "Arab", her national origin as a Palestinian, and/or her  status as a Muslim was a substantial motivating factor in Defendant's decision to deny Plaintiff equal job opportunities.

48.     This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career.

49.     By impairing Dr. Abdulhadi's ability to perform her job functions because of her race or  race, her national origin, and/or her  religion, Defendant violated 42 U.S.C. §2000e et. seq.

50.     As a direct and legal result of Defendant's violation of 42 U.S.C. §2000e et. seq., Dr. Abdulhadi has suffered embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

51.     As a further direct and legal result of Defendant's violation of 42 U.S.C. §2000e et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

52.     SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

53.   Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

### Third Cause of Action for Disability Discrimination
### in Violation of 42 §U.S.C. 12112 et. seq.

54.   Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.

55.   Defendant is an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A), as amended.

56.   Plaintiff is an "employee" as defined by the ADA, 42 U.S.C. § 12111(4).

57.   Plaintiff has herniated discs in her spine and neck, and carpal tunnel syndrome, and suffers from sciatica.  She also has the further disability of bilateral sensorineural hearing loss and with only 48% speech understanding when background noise is present, making her disabled within the meaning of the statute.  Defendant is aware of the foregoing.

58.   By refusing to furnish Dr. Abdulhadi with assistance, a lightweight portable appropriate computer, with proper and timely captioning, other devices and medical approved accommodations despite her repeated requests, Defendant has denied Plaintiff a reasonable accommodation for her disabilities.

59.   SFSU's actions create and subject Dr. Abdulhadi to a hostile work environment based on her disability, in further violation of the ADA.

60.   This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career

61.   SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

62.   As a legal cause of SFSU's conduct and omissions, Plaintiff suffers and continues to suffer embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering,

inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

63.   As a further direct and legal result of Defendant's violation of Cal. Gov. Code §12940 et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

64.   Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

### Fourth Cause of Action for Sex Discrimination
### in Violation of 42 §U.S.C. 2000e et. seq.

65.   Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.

66.   Defendant engaged, through its managerial employees, in acts, practices and a course of conduct, which specifically discriminated against Dr. Abdulhadi as a woman.

67.   The actions of Defendant's managerial employees, as alleged in this Complaint, were specifically motivated by sex or gender discrimination when they made stereotypical, demeaning remarks about Dr. Abdulhadi, accusing her of "nagging", sounding like a "broken record", and being "too demanding."  Those acts denied Dr. Abdulhadi equal employment opportunities, equal terms and conditions of employment, and adversely affected her status as an employee – all because of her gender.

68.   Defendant subjected Dr. Abdulhadi to unequal terms and conditions of employment because she is a woman.  The fact that she is a woman was a substantial motivating factor in Defendant's decision to undermine her ability to do her job, to expect her to do more work than is expected of other faculty members, and dismiss her well founded concerns when she expressed them.

69.   This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career

70.   As a direct and legal result of Defendant's violation of 42 U.S.C. §2000e et seq., Plaintiff has suffered embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

71.   As a further direct and legal result of Defendant's violation of Cal. Gov. Code §12940 et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

72.   SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

73.   Plaintiff seeks damages to compensate her for all of the aforementioned losses and harms.

74.   Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

**Fifth Cause of Action for Race, National Origin, and/or Religious Discrimination in Violation Cal. Government Code §12940, et. seq.**

75.   Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.

76.   Dr. Abdulhadi is in a protected class because of her race or her  race, ("Arab"), her national origin (Palestinian), and her  religion (Muslim),

77.   At all times material hereto Dr. Abdulhadi has been qualified for the employment position, job responsibilities and duties she performed for SFSU.

78.     Through its managerial employees, Defendant has engaged in acts, practices, and a course of conduct, which discriminated against Dr. Abdulhadi because of her race, her national origin, and/or her religion.

79.     The Defendant's actions which are the subject of this Complaint, were motivated by race, national origin, and/or religion when they denied her resources, denied her protection, subjected her to excessive and unwarranted scrutiny and requirements not endured by white male professors, U.S. born, and/or non-Muslim professors.  Those acts deprived Dr. Abdulhadi of equal employment opportunities, equal terms and conditions of employment, and adversely affected her status as an employee because of her race, her national origin, and/or her religion.

80.     Defendant subjected Dr. Abdulhadi to unequal terms and conditions of employment.  Plaintiff's race as an "Arab", her national origin as a Palestinian, and/or her religion as a Muslim was a substantial motivating factor in defendant's decision to deny Plaintiff equal job opportunities.

81.     By impairing Dr. Abdulhadi's ability to perform her job functions because of her race her national origin, and/or her religion, Defendant violated Cal. Gov. Code §12940 et. seq.

82.     This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career.

83.     As a direct and legal result of Defendant's violation of Cal. Gov. Code §12940 et. seq., Dr. Abdulhadi has suffered embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

84.     As a further direct and legal result of Defendant's violation of Cal. Gov. Code §12940 et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

_____
COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

14

85.    SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

## Sixth Cause of Action for Disability Discrimination
## in Violation Cal. Government Code §12940, et. seq.

86.    Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.

87.    Plaintiff has herniated discs in her spine and neck, and carpal tunnel syndrome, and suffers from sciatica.  She also has the further disability of bilateral sensorineural hearing loss and with only 48% speech understanding when background noise is present, making her disabled within the meaning of the statute.  Defendant is aware of the foregoing.

88.    By refusing to furnish Dr. Abdulhadi with assistance, a lightweight portable appropriate computer, with proper and timely captioning, other devices and medical approved accommodations despite her repeated requests, Defendant has denied Plaintiff a reasonable accommodation for her disabilities.

89.    SFSU's actions create and subject Dr. Abdulhadi to a hostile work environment based on her disability, in further violation of the ADA.

90.     This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career.

91.    SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

92.    Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

93.    As a legal cause of SFSU's conduct and omissions, Plaintiff suffers and continues to suffer embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering,

1   inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and

2   professional reputation.

3       94.   As a further direct and legal result of Defendant's violation of Cal. Gov. Code

4   §12940 et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for

5   services, equipment, and travel which the SFSU should be providing.

6

7       **Seventh Cause of Action for Disability Discrimination**

8       **(Failure to Provide Reasonable Accommodation)**

9       **in Violation Cal. Government Code §12940m**

10      95.   Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully

11  set forth herein.  Plaintiff has herniated discs in her spine and neck, and carpal tunnel

12  syndrome, and suffers from sciatica.  She also has the further disability of bilateral

13  sensorineural hearing loss and with only 48% speech understanding when background noise is

14  present, making her disabled within the meaning of the statute.  Defendant is aware of the

15  foregoing.

16      96.   By refusing to furnish Dr. Abdulhadi with assistance, a lightweight portable

17  appropriate computer, with proper and timely captioning, other devices and medical approved

18  accommodations despite her repeated requests, Defendant has denied Plaintiff a reasonable

19  accommodation for her disabilities in violation of Cal. Government Code §12940m and 2

20  C.C.R. §7293.9.

21      97.   SFSU's actions create and subject Dr. Abdulhadi to a hostile work environment

22  based on her disability, in further violation of the Law.

23      98.   This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a

24  full professor, with a concomitant salary increase.  It also prevented her from taking other

25  opportunities to advance her career

26      99.   Plaintiff seeks injunctive relief to protect future applicants from Defendant's

27  discriminatory employment practices described herein.

28

_____

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

100.    SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

101.    As a legal cause of SFSU's conduct and omissions, Plaintiff suffers and continues to suffer embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

102.    As a further direct and legal result of Defendant's violation of Cal. Gov. Code §12940m et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

## Eighth Cause of Action for Disability Discrimination
## (Failure to Engage in Interactive Consultation)
## in Violation Cal. Government Code §12940n

103.    Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.  Plaintiff has herniated discs in her spine and neck, and carpal tunnel syndrome, and suffers from sciatica.  She also has the further disability of bilateral sensorineural hearing loss and with only 48% speech understanding when background noise is present, making her disabled within the meaning of the statute.  Defendant is aware of the foregoing.

104.    By refusing to engage in a good faith interactive consultation with Dr. Abdulhadi, or by causing or allowing the interactive process to break down, Defendant has violated Cal. Government Code §12940n.

105.    SFSU's actions create and subject Dr. Abdulhadi to a hostile work environment based on her disability, in further violation of the ADA.

106.    This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

107.    Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

108.    SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

109.    As a legal cause of SFSU's conduct and omissions, Plaintiff suffers and continues to suffer embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

110.    As a further direct and legal result of Defendant's violation of Cal. Gov. Code §12940n et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

## Ninth Cause of Action for Sex Discrimination
## in Violation of Cal. Gov. Code §12940 et. seq.

111.    Plaintiff repeats and repleads each allegation in Paragraphs 2-29 as though fully set forth herein.

112.    Defendant engaged, through its managerial employees, in acts, practices and a course of conduct, which specifically discriminated against Dr. Abdulhadi as a woman.

113.    The actions of Defendant's managerial employees, as alleged in this Complaint, were specifically motivated by sex or gender discrimination when they made stereotypical, demeaning remarks about Dr. Abdulhadi, accusing her of "nagging", sounding like a "broken record", and "being too demanding".  Those acts denied Dr. Abdulhadi equal employment opportunities, equal terms and conditions of employment, and adversely affected her status as an employee – all because of her gender.

114.    Defendant subjected Dr. Abdulhadi to unequal terms and conditions of employment because she is a woman.  The fact that she is a woman was a substantial motivating factor in Defendant's decision to undermine her ability to do her job.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

115.    This illegal discrimination deterred Dr. Abdulhadi from seeking appointment as a full professor, with a concomitant salary increase.  It also prevented her from taking other opportunities to advance her career.

116.    SFSU's unlawful and discriminatory actions are intentional, willful, and/or are taken in willful disregard of Dr. Abdulhadi's rights.

117.    Plaintiff seeks injunctive relief to protect future applicants from Defendant's discriminatory employment practices described herein.

118.    As a direct and legal result of Defendant's violation of Cal. Gov. Code §12940 et seq., Plaintiff has suffered embarrassment, humiliation, stress, anxiety, emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment, loss of dignity, and damage to personal and professional reputation.

119.    As a further direct and legal result of Defendant's violation of Cal. Gov. Code §12940 et. seq., Dr. Abdulhadi has been forced to incur out-of-pocket expenses to pay for services, equipment, and travel which the SFSU should be providing.

120.    Plaintiff seeks damages to compensate her for all of the aforementioned losses and harms.

## **PRAYER FOR RELIEF**

1.    Compensatory damages for all economic loss, including but not limited to loss of past or future income, to the extent allowed by law.

2.    General damages for pain, suffering, humiliation, and emotional distress to the extent allowed by law.

3.    Punitive or exemplary damages, in an amount sufficient to punish the defendant and to deter future similar misconduct, to the extent allowed by law.

4.    Injunctive relief as the Court may order to prevent further discriminatory acts.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

1      5.    Statutory damages to the extent allowed by law.

2      6.    The costs of litigation, including reasonable attorney's fees, to the extent allowed

3 by law.

4

5 DATED:  August 2, 2018          RESPECTFULLY SUBMITTED

6            **LAW OFFICE OF MARK ALLEN KLEIMAN**

7

8            By:  /s/ Mark Allen Kleiman, Esq.

9

10            Mark Allen Kleiman, Esq.

11            **LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____

20

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff demands a jury trial on all issues so triable.

3

4

5

DATED:  August 2, 2018                    RESPECTFULLY SUBMITTED

6

**LAW OFFICE OF MARK ALLEN KLEIMAN**

7

8

By:  __/s/ Mark Allen Kleiman, Esq._____

9

Mark Allen Kleiman, Esq.

10

11

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

COMPLAINT AND DEMAND FOR JURY TRIAL

Case No. _____