BRADLEY S. PHILLIPS (State Bar No. 85263)
Brad.phillips@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

ALISON F. KAROL (State Bar No. 408043)
Alison.karol@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-0913
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendants THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, LESLIE WONG, SUE V. ROSSER, and JENNIFER SUMMIT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RABAB ABDULHADI,<br><br>          Plaintiff,<br><br>     vs.<br><br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY, et al.<br><br>          Defendants. | Case No. 4:18-cv-04662-YGR<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS THE FIRST AMENDED COMPLAINT (RULES 12(b)(1) & 12(b)(6))**<br><br>Judge:   Judge Yvonne Gonzalez Rogers<br>Date:    March 6, 2019<br>Time:    2:00 p.m |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................................1

STATEMENT OF RELIEF SOUGHT ..........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.    INTRODUCTION ..............................................................................................................1

II.   PLAINTIFF'S FIRST AMENDED COMPLAINT ...........................................................1

III.  LEGAL STANDARD ........................................................................................................2

IV.   ARGUMENT ......................................................................................................................3

    A.   Plaintiff's State-Law Claims Are Barred by Sovereign Immunity ...........................3

    B.   Plaintiff's Section 1981 Claim Fails Because that Statute Does Not Create a Cause of Action Against States and the Claim Is Barred by Sovereign Immunity ....................................................................................................................3

    C.   Plaintiff's Claim Under Title I of the ADA Is Barred by Sovereign Immunity ....................................................................................................................4

    D.   Plaintiff's Section 1983 Claim Against CSU Fails Because CSU Is Not a "Person" Within the Meaning of the Statute ...............................................................4

    E.   Plaintiff's Section 1981 Claim Against the Individual Defendants in Their Official Capacities Is Barred by Sovereign Immunity ...............................................5

    F.   Plaintiff's Title VII Claim Against the Individual Defendants Fails as a Matter of Law ..............................................................................................................5

    G.   Plaintiffs' Title VII Claim Against CSU Should Be Dismissed in Whole or Part as Untimely ..........................................................................................................5

    H.   Plaintiffs' Section 1983 Claim Against the Individual Defendants Should Be Dismissed for Failure to State a Claim ..................................................................7

V.    CONCLUSION ...................................................................................................................9

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on March 6, 2019 at 2:00 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Yvonne Gonzalez Rogers, located at Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, California, Defendants The Board Of Trustees of the California State University ("CSU"), Leslie Wong, Sue V. Rosser, and Jennifer Summit will and hereby do move to dismiss Plaintiff's First Amended Complaint ("FAC").  This motion is made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and papers on file, and such other matters as may be presented to this Court.

**STATEMENT OF RELIEF SOUGHT**

CSU seeks an order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing with prejudice the First Amended Complaint and each of its causes of action for lack of jurisdiction and failure to state a claim for relief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Rabab Abdulhadi, a Professor at San Francisco State University, purports in the FAC to state ten (10) claims for relief against CSU and/or the individual Defendants based on allegations of breach of contract, discrimination, retaliation, and failure to accommodate her disabilities.  She seeks both damages and injunctive relief.  All of Plaintiff's claims save two—her Title VII claim against CSU and her Section 1983 claim against the individual Defendants—are barred as a matter of law either due to Defendants' sovereign immunity or the absence of a private right of action.  Those two claims fail as well, because Plaintiff has not, on her second attempt, alleged facts sufficient to support them.  As a result, Plaintiff's First Amended Complaint should be dismissed in its entirety, with prejudice.

**II.    PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff filed her original complaint on August 2, 2018, and her FAC on January 14, 2019.  The FAC names as defendants CSU and three individual CSU officials.  (FAC ¶¶ 5, 6, 7.)  She alleges that: (1) "she has been discriminated against based on her race/national origin, and her

religious affiliation and who [sic] she associated with"; (2) her employer "refused to make reasonable accommodations for her disabilities and has intermittently refused even to engage in the interactive process the law requires"; (3) she was retaliated against for exercising her First Amendment rights; and (4) "SFSU breached its written contract with her and misrepresented the nature of the position to induce her to leave the University of Michigan to take a job at SFSU." (FAC ¶ 1.)

Based on these allegations, Plaintiff purports to state ten claims for relief, as follows:

1. Breach of Contract against CSU only;
2. Violation of California Labor Code § 970 against CSU only;
3. Violation of 42 U.S.C. § 1981 against CSU and the individual Defendants;
4. Violation of 42 U.S.C. § 2000e, et seq. (Title VII) against CSU and the individual Defendants;
5. Violation of 42 U.S.C. § 12112, et seq., Title I of the Americans with Disabilities Act ("ADA"), against CSU only;
6. Violation of California Government Code § 12940, et seq., against CSU only;
7. Violation of California Government Code § 12940(k), et seq., against CSU only;
8. Violation of California Government Code § 12940(m), et seq., against CSU only;
9. Violation of California Government Code § 12940(n), et seq., against CSU only; and
10. Violation of 42 U.S.C. § 1983, against CSU and the individual Defendants.

Plaintiff seeks compensatory and punitive or exemplary damages, injunctive relief, attorney's fees, and costs. (FAC 32-35.)

## III.   LEGAL STANDARD

A defendant is entitled to dismissal under Rule 12(b)(6) "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a complaint must plead facts "to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (citation omitted).

In evaluating a Rule 12(b)(6) motion, the Court accepts as true all material facts alleged in the complaint and construes them in the light most favorable to the non-moving party. *Gant v. Cty. of L.A.*, 772 F.3d 608, 614 (9th Cir. 2014). The Court does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.  ARGUMENT

### A.  Plaintiff's State-Law Claims Are Barred by Sovereign Immunity

Plaintiff purports to plead six state-law claims for relief against CSU (the First, Second, Sixth, Seventh, Eighth, and Ninth Causes of Action). But the Eleventh Amendment bars claims in federal court against states and state officials alleging violations of state law because "the relief sought and ordered has an impact directly on the State itself." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984). This jurisdictional bar applies to claims for prospective relief, such as an injunction, as well as claims for damages. *Id.* at 105-06. Allowing such state-law claims to proceed in federal court would "not vindicate the supreme authority of federal law" and would greatly intrude on state sovereignty. *Actmedia, Inc. v. Stroh*, 830 F.2d 957, 964 (9th Cir. 1986) (quoting *Pennhurst*, 465 U.S. at 106); *see also King v. Hill*, No. CV 13-2511-CJC(E), 2013 WL 3475186, at *4 (C.D. Cal. July 8, 2013). The Ninth Circuit has held, moreover, that CSU is "an arm of the state that can properly lay claim to sovereign immunity." *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350-51 (9th Cir. 1982). Accordingly, all of Plaintiff's state-law claims must be dismissed with prejudice.

### B.  Plaintiff's Section 1981 Claim Fails Because that Statute Does Not Create a Cause of Action Against States and the Claim Is Barred by Sovereign Immunity

In her Third Cause of Action, Plaintiff purports to state a claim against CSU and the individual defendants under 42 U.S.C. § 1981. The Ninth Circuit has held, however, both that Section 1981 does not create a cause of action against states, *Pittman v. Or. Emp't Dep't*, 509 F.3d

1065, 1074 (9th Cir. 2007), and that states and state officials are immune from suits under Section 1981, *see Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012); *Pittman*, 509 F.3d at 1071.  Because CSU is an arm of the state, *Stanley*, 433 F.3d at 1133-34, Plaintiff's claim under Section 1981 fails as a matter of law and must be dismissed with prejudice.

### C.     Plaintiff's Claim Under Title I of the ADA Is Barred by Sovereign Immunity

In her Fifth Cause of Action, Plaintiff purports to state a claim against CSU under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq.  But the Supreme Court has held that suits against a state under Title I of the ADA are barred by the Eleventh Amendment. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).  Because CSU is an arm of the state, *Stanley*, 433 F.3d at 1133, Plaintiff's ADA claim fails as a matter of law and must be dismissed with prejudice.  *See Ahmed v. Regents of the Univ. of Cal.*, No. 17cv0709-MMA (NLS), 2018 WL 747796, at *11 (S.D. Cal, Feb. 7, 2018) (dismissing with prejudice claim against University of California under Title I of ADA).

### D.     Plaintiff's Section 1983 Claim Against CSU Fails Because CSU Is Not a "Person" Within the Meaning of the Statute

Plaintiff purports, in her Tenth Cause of Action, to bring a First Amendment claim against CSU under 42 U.S.C. § 1983, which creates a right of action against "[e]very person" who, under color of state law, violates a party's federal rights.  State entities are not, however, "persons" subject to suit under section 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Again, because CSU is an arm of the state, *Stanley*, 433 F.3d at 1133, Plaintiff's Section 1983 claim against CSU fails as a matter of law and must be dismissed with prejudice.  *See Brodie v. Bd. of Trs. of the Cal. State Univ.*, No. CV 12-07690 DDP (AGRx), 2012 WL 6140205, at *2 (C.D. Cal Dec. 11, 2012) (dismissing with prejudice Section 1983 claim against CSU).

E.  **Plaintiff's Section 1981 Claim Against the Individual Defendants in Their Official Capacities Is Barred by Sovereign Immunity**

Plaintiff purports, in her Third Cause of Action, to sue the individual Defendants, in their official capacities, for damages under 42 U.S.C. § 1981.[1] But Section 1981 does not allow recovery of damages against state officials acting in their official capacities, because such officials, like the State itself, are immune from suit for damages under that statute. *See Braunstein*, 683 F.3d at 1188-89 (noting that "it has been 'well established for many years' that sovereign immunity precludes §§ 1981 and 1983 damages claims against state entities and state actors in their official capacity" and that such a claim "may well have been frivolous"). To the extent that Plaintiff's Section 1981 claim survives at all (it should not), the damages claim against the individual Defendants in their official capacities must be dismissed with prejudice.

F.  **Plaintiff's Title VII Claim Against the Individual Defendants Fails as a Matter of Law**

In her Fourth Cause of Action, Plaintiff purports to state a claim against the individual Defendants under Title VII, 42 U.S.C. § 2000e, et seq. The Ninth Circuit has repeatedly held, however, that Title VII does not provide a cause of action against individual defendants, including supervisors and co-workers. *E.g.*, *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Plaintiff's Title VII claim against the individual Defendants must therefore be dismissed with prejudice. *See Ahmed*, 2018 WL 747796, at *11 (dismissing Title VII claims against individual University of California defendants with prejudice).

G.  **Plaintiffs' Title VII Claim Against CSU Should Be Dismissed in Whole or Part as Untimely**

Plaintiff's Title VII claim against CSU should also be dismissed in whole or part as untimely. Plaintiff alleges that she filed a timely complaint with the California Department of Fair Employment and Housing ("DFEH") and that she received a right-to-sue letter from that agency

---

[1] In her Tenth Cause of Action, under Section 1983, Plaintiff specifies that she is suing the individual defendants for damages only in their "individual" (as opposed to "official") capacities. (FAC ¶¶ 154, 155.) She makes no such allegation in the Third Cause of Action.

on August 2, 2017.  (FAC ¶ 13.)  She does not, however, allege whether she ever received a right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), with which she is deemed to have filed a charge pursuant to a worksharing agreement between the DFEH and the EEOC.  *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008).  A Title VII plaintiff is required to file her civil action "within ninety days after the giving of [a right-to-sue] notice [by the EEOC]."  42 U.S.C. § 2000e-5(f)(1); *see Scott v. Gino Moreno Enters., LLC*, 888 F.3d 1101, 1111 (9th Cir. 2018).  Plaintiff has not sufficiently alleged that her Title VII claim is timely filed, because she has not alleged the date on which she received a right-to-sue notice from the EEOC and whether she filed her Complaint within 90 days of that date.[2]  Her claim must be dismissed on that basis.

Even if Plaintiff were able to avoid this complete time bar, her Title VII claim would still be untimely to the extent that it relies on alleged discriminatory events that occurred fewer than 300 days prior to the filing of her administrative complaint with the DFEH.  *Aoyagi v. Straub Clinic & Hosp., Inc.*, 140 F. Supp. 3d 1043, 1053 (D. Haw. 2015).  This is because a discrimination charge must be filed within 300 days of the alleged discriminatory event, 42 U.S.C. § 2000e-5(e)(1), and "[a] plaintiff may not seek recovery for discrete discriminatory acts for which no timely charge was filed," *Aoyagi*, 140 F. Supp. 3d at 1053 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)).  Plaintiff does not allege when she filed her DFEH complaint; the Court should require disclosure of that date and, if Plaintiff's entire Title VII claim is not dismissed, enter an order dismissing the claim to the extent it is based on events more than 300 days before that.

Plaintiff may argue that she is alleging a "continuing violation[]" in the nature of a "hostile work environment," such that she may rely on events that fall outside the statutory time period.  *See Scott*, 888 F.3d at 1112-13.  But, in her Title VII cause of action (FAC 24-25), Plaintiff alleges, not a continuing hostile work environment, but "acts, practices, and a course of conduct

---

[2] If Plaintiff never received a right-to-sue notice from the EEOC but was entitled to one, the 90-day limitations period following receipt of such a notice would not apply.  *Surrell*, 518 F.3d at 1104-05.  But Plaintiff does not allege that she never received such a notice.

[that] discriminated against [Plaintiff] because of her race, her national origin, and/or her religion." (FAC ¶ 102.) To the extent that Plaintiff does refer elsewhere to a "hostile work environment" (*see* FAC ¶ 37), she has not alleged facts sufficient to support that conclusory reference. "A hostile work environment is one that is permeated with discriminatory intimidation, ridicule, and insult[] that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Aoyagi*, 140 F. Supp. 3d at 1056 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that [she] was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment and create an abusive work environment." *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003).

Plaintiff's allegations do not satisfy these strict requirements for pleading a hostile-work-environment claim. She does not allege that she was subjected to either "discriminatory intimidation, ridicule, and insult," *Aoyagi*, 140 F. Supp. 3d at 1056, or "verbal or physical conduct of a racial or sexual [or national-origin or religious] nature," *Vasquez*, 349 F.3d at 642. And, while she alleges that the conditions of her employment were "alter[ed]," (FAC ¶ 37), she does not (and could not) allege that she was subjected to "an abusive work environment." *Vasquez*, 349 F.3d at 642; *Aoyagi*, 140 F. Supp. 3d at 1056.

### H. Plaintiffs' Section 1983 Claim Against the Individual Defendants Should Be Dismissed for Failure to State a Claim

Plaintiff purports to sue the individual Defendants in both their "individual" and "official" capacities on her Section 1983 claim. (FAC ¶¶ 154, 155.) But, while Plaintiff makes various conclusory allegations about these Defendants' positions and responsibilities, she fails to allege the specifics of any conduct by the individual Defendants that could plausibly support a claim against them in any capacity. The Ninth Circuit has recognized that a Section 1983 claim does not support vicarious liability. *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). "[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Iqbal*, 556 U.S. at 677. A defendant's "senior position does not by itself make him

liable for racial and religious discrimination perpetrated by subordinates; rather, he must have engaged in culpable action or inaction himself." *Id*. (citing *Iqbal*, 556 U.S. at 676).  "To state a valid § 1983 claim, 'a plaintiff must plead that each government-official defendant, through the official's own individual actions, had violated the Constitution.'" *Id*. (quoting *Iqbal*, 556 U.S. at 676).

Moreover, "[t]o state a claim against state officials in their individual capacities, the complaint must set forth allegations from which the court can infer that the individuals acted in their individual capacities." *Peralta v. Cal. Franchise Tax Bd.*, 124 F. Supp. 3d 993, 1001 (N.D. Cal. 2015) (citing *Scott v. Cal. State Lotto*, 19 F.3d 1441 (9th Cir. 1994)).  To determine whether a defendant is properly sued in his or her individual or personal capacity, "the court must examine the specifics of the conduct involved and not merely look at the caption of the complaint." *Id.* (citation omitted); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("the distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'") (citation omitted).  A plaintiff "is required to plead specific facts regarding each individual Defendant's conduct sufficient to plausibly state a cause of action against that Defendant individually." *Clark v. Cal. Dep't of Forestry & Fire Prot.*, 212 F. Supp. 3d 808, 814-15 (N.D. Cal. 2016).

Plaintiff's FAC falls far short with respect to the individual Defendants.  The only place that Defendants Rosser's and Summit's names even appear—other than in paragraphs 6 and 7, where they are simply identified as defendants—is in paragraph 159, where Plaintiff alleges, in conclusory fashion, that "[t]hese adverse actions were directed, supervised and/or executed by Defendants Wong, Rosser, and Summit."  (FAC ¶ 159.)  That is all, and it is unquestionably not enough about these defendants' individual, culpable actions or the specifics of their conduct to support a Section 1983 claim against them.

Plaintiff's claim against President Wong fares no better.  As it relates to actions specifically by President Wong related to Plaintiff, the FAC alleges only:

- "Upon President Wong's return from Israel [in 2012] he began to express notable hostility toward Professor Abdulhadi …."  (FAC ¶ 27.)

- "President Wong … order[ed] repeated investigations into Plaintiff's international research and lecturing trips …." (FAC ¶ 29.)
- "In May of 2014 President Wong ordered three separate (and redundant) audits into Dr. Abdulhadi's travels …." (FAC ¶ 48.)
- "The pattern of acts was undertaken at the direction of President Wong, who held final decision-making authority at SFSU …." (FAC ¶ 49.)
- "These adverse actions were directed, supervised and/or executed by Defendant[] Wong …." (FAC ¶ 159.)

The only allegations that are not general (rather than "individual" and "specific," as required by the case law) and wholly conclusory are that President Wong expressed "hostility" toward Plaintiff and ordered investigations and audits into her travel expenses. This is not enough to support a Section 1983 damages claim against him.

This is Plaintiff's second attempt to plead this claim, and Plaintiff's Section 1983 claims against the individual Defendants should therefore be dismissed with prejudice.

## V.   CONCLUSION

Defendants respectfully submit that all of Plaintiff's claims should be dismissed with prejudice.

DATED: January 29, 2019

MUNGER, TOLLES & OLSON LLP
   BRADLEY S. PHILLIPS
   ALISON F. KAROL

By:   */s/ Bradley S. Phillips*
   BRADLEY S. PHILLIPS
Attorneys for Defendants THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, LESLIE WONG, SUE V. ROSSER, and JENNIFER SUMMIT