1  BRADLEY S. PHILLIPS (State Bar No. 85263)
   brad.phillips@mto.com
2  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
3  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
4  Facsimile:    (213) 687-3702

5  ALISON F. KAROL (State Bar No. 308043)
   alison.karol@mto.com
6  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
7  San Francisco, California 94105
   Telephone:    (415) 412-4000
8  Facsimile:    (415) 415-4077

9
   Attorneys for Defendants Leslie Wong, Sue V.
10 Rosser, and Jennifer Summit

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14

15 RABAB ABDULHADI,                          Case No. 4:18-cv-04662-YGR

16            Plaintiff,                      **DEFENDANTS' REQUEST FOR
                                             JUDICIAL NOTICE**
17      vs.
                                             [Filed concurrently with Declaration of Alison
18 LESLIE WONG; SUE V. ROSSER;               F. Karol in support of Request for Judicial
   JENNIFER SUMMIT; and DOES 1-100;          Notice]
19 inclusive,
                                             Judge:   Judge Yvonne Gonzalez Rogers
20            Defendants.                     Date:    July 9, 2019
                                             Time:    2:00 p.m.
21

22

23

24

25

26

27

28

                                             Case No. 4:18-cv-04662-YGR

**INTRODUCTION**

Defendants Leslie Wong, Sue V. Rosser, and Jennifer Summit respectfully request that the

Court take judicial notice of documents attached to the Declaration of Alison F. Karol ("Karol

Declaration") filed in support of Defendants' Motion to Dismiss. Exhibits A and B are copies of

Plaintiff Rabab Abdulhadi's February 23, 2018, Facebook post as re-posted to the Arab and

Muslim Ethnicities and Diasporas Studies (AMED) at San Francisco State University's Facebook

page and the General Union of Palestinian Students' Facebook page. Exhibit C is a letter from

Provost Jennifer Summit to Plaintiff Rabab Abdulhadi on March 23, 2018. These documents are

properly subject to judicial notice under the incorporation by reference doctrine, and the Court

may also accord them judicial notice as matters of public record. Exhibit D is a copy of the

Standing Orders of the Board of Trustees of the California State University, which is properly

subject to judicial notice as a matter of public record.

**ARGUMENT**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may

"consider certain materials—documents attached to the complaint, documents incorporated by

reference in the complaint, or matters of judicial notice—without converting the motion to dismiss

into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

2003).

**I.     Documents Incorporated by Reference in the Complaint**

Plaintiff's Second Amended Complaint explicitly references the contents of "a post on a

privately owned Facebook page wherein Dr. Abdulhadi criticized President Wong's position on

anti-Palestinian views on campus" (SAC ¶ 54), but Plaintiff does not attach the post, or its re-

posting on University-affiliated websites, to her complaint. Neither does she attach the "email to

Dr. Abdulhadi demanding that she remove" the post. (*Id*.) Under the incorporation by reference

doctrine, "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered in ruling on a

Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled*

*in part on other grounds*, *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1123–24 (9th Cir.

2002).  A "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.  Because these Facebook posts and the letter from Provost Summit to Dr. Abdulhadi serve as a basis for Plaintiff's allegations, the Court may consider them in connection with Defendants' concurrently filed motion to dismiss.

**II.     Documents Subject to Judicial Notice as Public Records**

Exhibit D is the publicly available Standing Orders issued by the Board of Trustees of the California State University.  The Court may "take judicial notice of matters of public record if the facts are not 'subject to a reasonable dispute.'"  *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942 (C.D. Cal. 2014) (citation omitted).  The "record[s] of a state agency," such as CSU, qualify as matters of public record.  *City of Sausalito v. O'Neill*, 386 F. 3d 1186, 1223 n.2 (9th Cir. 2004).  Exhibit D is a matter of public record that the Court may properly consider regardless whether Plaintiff incorporated it by reference into her Complaint.  *See, e.g.*, *Jun Yu v. Idaho State Univ.*, No. 4:15-cv-430, 2019 WL 346392, at *3 (D. Idaho Jan. 28, 2019) (taking judicial notice of reports published by state university); *Michelle M. v. Dunsmuir Joint Union Sch. Dist.*, No. 2:04-cv-2411, 2006 WL 2927485, at *5 n.11 (E.D. Cal. Oct. 12, 2006) (taking judicial notice of a school district's sexual harassment policy as an official record).

DATED:  May 13, 2019                          MUNGER, TOLLES & OLSON LLP


By:     */s/Alison F. Karol*
       ALISON F. KAROL
Attorneys for Defendants Leslie Wong, Sue V. Rosser, and Jennifer Summit