Mark A. Kleiman (SBN 115919)
Law Office of Mark Allen Kleiman
2907 Stanford Ave. Venice, CA 90292
Telephone: (310) 306-8094
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

Ben Gharagozli (SBN 272302)
Law Offices of Ben Gharagozli
2907 Stanford Avenue
Marina del Rey, California 90292
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

Attorney for Plaintiff, RABAB ABDULHADI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABAB ABDULHADI,<br><br>　　　　　Plaintiff,<br>　　v.<br>BOARD OF TRUSTEES of the CALIFORNIA STATE UNIVERSITY; LESLIE WONG; SUE V. ROSSER; and JENNIFER SUMMIT<br>　　　　　Defendants | Case No.: 4:18-cv-04662-YGR<br><br>**OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (EXHIBIT B) [ECF 45-3]**<br><br>**Date: July 9, 2019**<br>**Time: 2:00 p.m.**<br>**Location: Courtroom 1 (4th Floor)**<br>**Judge: Yvonne Gonzalez Rogers** |

# OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF EXHIBIT B (GUPS FACEBOOK POST)

Plaintiff, Dr. Rabab Abdulhadi objects to Defendants' request for judicial notice of Exhibit B (GUPS Facebook Post) on the grounds that it was never referred to her Second Amended Complaint and therefore is not supported by the doctrine of incorporation.

## THE SECOND AMENDED COMPLAINT DOES NOT REFER TO THE GUPS FACEBOOK POST

Paragraph 54 of the Second Amended Complaint (hereinafter "SAC") reads as follows:

> 54. On March 23, 2018, Summit sent an email to Dr. Abdulhadi demanding that she remove a post on a privately owned Facebook page wherein Dr. Abdulhadi criticized President Wong's position on anti-Palestinian views on campus. In that email, Summit threatened disciplinary action against Dr. Abdulhadi if Dr. Abdulhadi did not obey and remove the aforementioned Facebook post.

Defendants rely on that paragraph in the SAC to request that the Court judicially notice a post on the GUPS Facebook page. (Dkt. 45-3, Dkt. 46). However, as the paragraph demonstrates, neither GUPS nor the GUPS Facebook page is referenced anywhere in that paragraph.

Summit's March 23, 2018 email cements the point. Defendants request judicial notice of that March 23rd email in their Request for Judicial Notice. (Dkt. 45-4). As that March 23rd email indicates, Summit did not reference any Facebook post on the GUPS Facebook page. She referred to the AMED @ SFSU page, which she incorrectly called "the AMED page".

Accordingly, the doctrine of incorporation (or any other legal theory that would support judicial notice of the GUPS Facebook page) is applicable. As such, Defendants' request to judicially notice the GUPS Facebook page should be denied.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

On a motion to dismiss a complaint, a court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting the motion to dismiss to a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001) (citing Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Courts may judicially notice documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Federal Rule of Evidence 201(d); Wietschner v. Monterey Pasta Co., 294 F. Supp. 2d 1117, 1109 (N.D. Cal. 2003). Courts may judicially notice matters when considering a motion to dismiss. Wietschner, 294 F. Supp. 2d at 1109, MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). In other words, "[a] court may consider a writing referenced in a complaint but not explicitly incorporated there in if the complaint necessarily relies on the document and its authenticity is unquestioned." Parrino v. FHP, Inc. 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds in Abrego v. Dow Chem. Co. 443 F.3d 676 (9th Cir. 2006); Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Kneivel v. ESPN, 393 F.3d 1068, 1077 (9th Cir. 2005).

---
OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (EXHIBIT B) [ECF 45-3]

Case No.   4:18-cv-04662

Here, since there is no reference to the GUPS page and no possible justification for its incorporation. Defendants' motion to judicially notice the GUPS Facebook page should be denied.

DATED: May 28, 2019

LAW OFFICE OF MARK ALLEN KLEIMAN
MARK A. KLEIMAN (SBN 115919)

By: /s/ Mark A. Kleiman
MARK A. KLEIMAN

LAW OFFICE OF BEN GHARAGOZLI
BEN GHARAGOZLI (SBN 272302)

By: /s/ Ben Gharagozli
BEN GHARAGOZLI

Attorneys for Plaintiff RABAB ABDULHADI