BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

ALISON F. KAROL (State Bar No. 408043)
alison.karol@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-0913
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendants LESLIE WONG and JENNIFER SUMMIT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RABAB ABDULHADI,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LESLIE WONG; et al.,<br><br>　　　　　Defendants. | Case No. 4:18-cv-04662-YGR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge:　　　Hon. Yvonne Gonzalez Rogers<br>Action Filed: August 2, 2018<br>Trial Date:　None Set |

**TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

Defendants Leslie Wong and Jennifer Summit ("Defendants"), answer the unverified Second Amended Complaint (hereafter "Complaint") of Plaintiff Rabab Abdulhadi ("Plaintiff") as follows:

## INTRODUCTION

1. Defendants admit, upon information and belief, that Plaintiff is an Associate Professor at San Francisco State University ("SFSU"). Defendants admit that the Second Amended Complaint includes a claim of retaliation in violation of 42 U.S.C. § 1983.

## THE PARTIES

2. Defendants admit, upon information and belief, the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Leslie Wong, PhD. ("President Wong" or "Wong"), was appointed as President of San Francisco State University ("SFSU") in September 2012. Defendants admit that on October 1, 2018, President Wong announced that he would retire at the end of the 2018-19 academic year, effective July 30, 2019. As he is now retired, Defendants deny that Wong is currently the chief executive officer of SFSU. Given that he no longer works at SFSU, Defendants deny that Wong is a proper defendant to this action.

4. Defendants deny that Sue V. Rosser ("Rosser") is a current defendant to this lawsuit. Defendants admit that Rosser became Provost and Vice President for Academic Affairs at SFSU in August 2009, but deny that she left that position in October 2016. Defendants admit that the Provost and Vice President for Academic Affairs is the senior academic administrator and second highest ranking officer at the university. Defendants deny all remaining allegations in Paragraph 4 of the Second Amended Complaint not expressly admitted.

5. Defendants admit that Jennifer Summit, Ph.D. ("Summit"), became Interim Provost at SFSU on September 1, 2016. Defendants deny that Summit became Interim Provost in October 2016. Defendants admit that Summit was appointed Provost in March 2018. Defendants admit that the Provost and Vice President for Academic Affairs is the senior academic administrator and

second highest ranking officer at the university. Defendants deny all remaining allegations in Paragraph 4 of the Second Amended Complaint not expressly admitted.

6. The allegations in Paragraph 6 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny that pleading Doe defendants is proper in this case.

**JURISDICTION**

7. The allegations in Paragraph 7 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction over the claim pled in the Second Amended Complaint.

8. The allegations in Paragraph 8 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny, on information and belief, the allegation in Paragraph 8 of the Second Amended Complaint that none of the claims advanced in this complaint are subject to any collective bargaining agreement.

**VENUE**

9. The allegations in Paragraph 9 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants admit that they are located in the District and that California State University employs Plaintiff in the District. Defendants deny all remaining allegations in Paragraph 9 of the Second Amended Complaint not expressly admitted.

**THE GOVERNANCE STRUCTURE AT SFSU**

10. Defendants admit that CSU's university presidents are referred to as the "Chief Executive Officers" of their institutions. The remaining allegations in Paragraph 10 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny that President Wong was invested with "final decision making authority" that "fix[ed] his potential liability under § 1983 as the policy maker and final decisionmaker on campus."

11. Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Second Amended Complaint, and, on that basis, deny them.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 13 of the Second Amended Complaint regarding what Wong told her and, on that basis, deny them.

14. Defendants deny the allegation in Paragraph 14 of the Second Amended Complaint that lines of authority for enacting SFSU policies are not a model of clarity.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation that the phrase "shared governance" appears seven times in the SFSU job description for the new President and three times in the job description for the Associate Vice President for Academic Affairs, and on that basis, deny it.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding Robert Corrigan and Sue Rosser and, on that basis, deny them.  Defendants deny all remaining allegations in Paragraph 14 of the Second Amended Complaint.

15. Defendants deny Plaintiff's allegation in Paragraph 15 of the Second Amended Complaint that Academic Senate Policy #S03-158 makes no mention of the university president. Defendants admit that Academic Senate Policy #S03-158 states that written requests for new tenure-track positions will be submitted to the Vice President for Academic Affairs via the school dean/director.  The remaining allegations in Paragraph 15 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny all other allegations in Paragraph 15 of the Second Amended Complaint not expressly admitted.

16. Defendants deny that shared governance confounds lines of authority for disciplinary activities.  Defendants deny all remaining allegations in Paragraph 16 of the Second Amended Complaint.

17. Defendants deny, upon information and belief, the allegations in Paragraph 17 of the Second Amended Complaint regarding SFSU's travel policies. Defendants deny all remaining allegations in Paragraph 17 of the Second Amended Complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Second Amended Complaint and, on that basis, deny them.

## GENERAL ALLEGATIONS

19. Defendants admit, upon information and belief, that Rabab Abdulhadi is an Arab woman of Palestinian ancestry. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 19 of the Second Amended Complaint regarding her childhood, and on that basis, deny them. Defendants admit, upon information and belief, Plaintiff's allegations with respect to her educational history. Defendants deny all remaining allegations in Paragraph 19 of the Second Amended Complaint not expressly admitted.

20. Defendants admit, upon information and belief, that Dr. Abdulhadi was the Director of the Center for Arab American Studies at the University of Michigan (Dearborn).

21. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 21 of the Second Amended Complaint regarding her recruitment to SFSU and, on that basis, deny them. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Second Amended Complaint regarding statements Ken Monteiro or SFSU made to Plaintiff and, on that basis, deny them. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to her wants, desires, and expectations and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 21 of the Second Amended Complaint.

22. Defendants admit that former-Dean Monteiro sent Plaintiff a signed Memorandum of Understanding in 2006. Defendants deny Plaintiff's characterization of her offer letter in Paragraph 22 of the Second Amended Complaint as a contract. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding which terms of

her offer were material to her acceptance and for which terms she specifically negotiated and, on that basis, deny them.  Defendants respond that the quoted portion of Plaintiff's Memorandum of Understanding in Paragraph 22 of the Second Amended Complaint speaks for itself.  To the extent a response is required, Defendants admit that the language quoted in Paragraph 22 of the Second Amended Complaint appears in the Memorandum of Understanding.  Defendants deny all remaining allegations in Paragraph 22 of the Second Amended Complaint not expressly admitted.

23. Defendants admit that Plaintiff's Memorandum of Understanding states, in a section on the "handling of announcement of [Plaintiff's] arrival," that "Dr. Abdulhadi comes to the College bringing leadership to the development of curriculum and scholarship regarding Arab and Islamic diaspora studies."  Defendants admit that Plaintiff's program was subsequently called the "Arab and Muslim Ethnicities and Diaspora Studies."  Defendants deny all remaining allegations in Paragraph 23 of the Second Amended Complaint not expressly admitted.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Second Amended Complaint regarding potential hiring events that occurred in 2007 and, on that basis, deny them.  Defendants admit that in 2009 Dr. Abdulhadi began an approved search for two assistant professors and that the searches were advertised in academic circles and publications.  Defendants admit that interview dates were advertised that coincided with meetings of the American Studies Association ("ASA") and the "Middle East Studies Association ("MESA").  Defendants admit that all searches in the 2009-2010 year were canceled due to budget constraints.  Defendants deny all remaining allegations in Paragraph 24 of the Second Amended Complaint not expressly admitted.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Second Amended Complaint and, on that basis, deny them.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Second Amended Complaint and, on that basis, deny them.

1    27.    Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

2    28.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Second Amended Complaint concerning Plaintiff's characterizations of herself and, on that basis, deny them.  Defendants admit that Plaintiff is the faculty advisor to the General Union of Palestinian Students ("GUPS") at SFSU.  Defendants admit that Plaintiff was named as a defendant in *Mandel v. Bd. Of Trustees, et al.*, (Case Number 3:17-CV-03511-WHO) in the Northern District of California and that the lawsuit was dismissed with prejudice.  Defendants admit that the plaintiffs in *Mandel* abandoned their appeal in favor of a settlement in that case and *Volk v. Bd. Of Trustees, et al.*, (Case Number CGC-18-563970) in San Francisco Superior Court.  Defendants admit that Plaintiff has served as an advisor to the Muslim Students Association at SFSU.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in all subparts of Paragraph 28 of the Second Amended Complaint and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 28 of the Second Amended Complaint not expressly admitted.

    29.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Second Amended Complaint about the tactics of anti-Palestinian organizations and, on that basis, deny them.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Second Amended Complaint about the Koret Foundation and various other unnamed "donors" and, on that basis, deny them.  Defendants deny all remaining allegations in Paragraph 29 of the Second Amended Complaint.

    30.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Second Amended Complaint regarding donors, their affiliates, the Israeli government, and their attitudes or statements towards BDS and, on that basis, deny them.

    31.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Second Amended Complaint regarding "pressure"

on President Wong or any details of any incidents at the University of Illinois or their similarity to Plaintiff's experience and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 31 of the Second Amended Complaint.

32. Defendants admit, on information and belief, that Edward Said was a professor at Columbia University, served as President of the Modern Language Association, and was a visiting professor at Harvard, Yale, and Johns Hopkins. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Second Amended Complaint regarding GUPS and AMED's actions and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 32 of the Second Amended Complaint.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Second Amended Complaint regarding Omar Barghouti and, on that basis, deny them.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Second Amended Complaint regarding meetings President Corrigan had, what was said to President Corrigan at those meetings, statements made by Corrigan, and who responded to such statements and in what ways and, on that basis, deny them. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Second Amended Complaint regarding actions ordered by former President Corrigan with respect to the faculty search and his reasoning for those actions and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 34 of the Second Amended Complaint.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Second Amended Complaint regarding the Koret Foundation's donations and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 35 of the Second Amended Complaint.

36. Defendants respond that Plaintiff's Memorandum of Understanding is not considered a contract and, on that basis, deny the allegations in Paragraph 36 of the Second Amended Complaint.

37. Defendants respond that Plaintiff's Memorandum of Understanding is not considered a contract. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 37 of the Second Amended Complaint that Corrigan unilaterally withdrew two faculty positions and, on that basis, deny it. Defendants admit that public entities are subject to the requirements of the First Amendment to the United States Constitution. Defendants deny all remaining allegations in Paragraph 37 of the Second Amended Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Second Amended Complaint regarding former President Wong's support or non-support for AMED and, on that basis, deny them. Defendants admit that Wong traveled to Israel on a trip with JCRC. Defendants deny all remaining allegations in Paragraph 38 of the Second Amended Complaint not expressly admitted.

39. Defendants admit, upon information and belief, that the exact details of Wong's trip have not been published to the public. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 regarding statements made by JCRC, its supporters, or Serena Eisenberg and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 39 of the Second Amended Complaint not expressly admitted.

40. Defendants deny, upon information and belief, Plaintiff's characterization in Paragraph 40 of the Second Amended Complaint of the features of Wong's trip. Defendants deny, upon information and belief, the allegations in Paragraph 40 of the Second Amended Complaint regarding the aims and results of Wong's trip to Israel. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Wong's trip closely resembled other tours and, on that basis, deny it. Defendants lack knowledge or information sufficient to form a belief about the allegations regarding the American Jewish Committee's funding, associations with other organizations, or statements and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 40 of the Second Amended Complaint not expressly admitted.

41. Defendants deny, upon information and belief, the allegations in Paragraph 41 of the Second Amended Complaint regarding President Wong's actions and beliefs. Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations regarding the AMCHA Initiative and, on that basis, deny them.  Defendants deny all remaining allegations in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegation in Paragraph 42 of the Second Amended Complaint that campus administrators directed anti-Palestinian slurs at Dr. Abdulhadi.  Defendants lack knowledge or information sufficient to identify the incidents to which Plaintiff refers in her allegations in Paragraph 42 of the Second Amended Complaint and, on that basis, deny them.  Defendants deny all remaining allegations in Paragraph 42 of the Second Amended Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Second Amended Complaint that President Wong acted on anti-Palestinian remarks.  Defendants deny Plaintiff's characterizations of Wong's actions as "ordering repeated investigations" and of her Memorandum of Understanding as a "contract with SFSU."  Defendants deny Plaintiff's characterization of SFSU's actions with respect to her 2014 research trip.  Defendants deny all remaining allegations in Paragraph 43 of the Second Amended Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Second Amended Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Second Amended Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Second Amended Complaint.

47.     Defendants deny the characterization of President Wong in Paragraph 47 of the Second Amended Complaint.  Defendants deny Plaintiff's allegations in Paragraph 47 of the Second Amended Complaint that JCRC wields significant influence over SFSU and deny Plaintiff's characterizations of Dana Corvin, Jason Porth, and Abby Porth.  Defendants deny all remaining allegations in Paragraph 47 of the Second Amended Complaint.

48.     Defendants deny Plaintiff's allegations in Paragraph 48 of the Second Amended Complaint characterizing her non-participation on University task forces as improper exclusion. Defendants deny all remaining allegations in Paragraph 48 of the Second Amended Complaint.

9                        Case No. 4:18-cv-04662-YGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

49. Ms. Rosser is no longer a defendant in this lawsuit and Plaintiff's allegations concerning her actions require no response. To the extent a response is required, Defendants deny Plaintiff's allegations characterizing Rosser's actions. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff reported to SFSU that the University of Washington Press had agreed to publish her book and, on that basis, deny it. Defendants lack knowledge or information sufficient to form a belief about the truth of what Plaintiff alleges she was told and, on that basis, deny it. Defendants deny all remaining allegations in Paragraph 49 of the Second Amended Complaint.

50. Defendants respond that Rosser is no longer a defendant in this lawsuit and Plaintiff's allegations concerning her actions require no response. To the extent a response is required, Defendants deny Plaintiff's allegations in Paragraph 50 of the Second Amended Complaint characterizing Rosser's actions as directing Monteiro to investigate the contractual agreement that the University would fund Plaintiff's travel. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation regarding the impression Monteiro received and, on that basis, deny it. Defendants deny all remaining allegations in Paragraph 50 of the Second Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Second Amended Complaint.

52. Defendants deny, upon information and belief, Plaintiff's allegations in Paragraph 52 of the Second Amended Complaint regarding her fall 2017 travel authorization. Defendants deny Plaintiff's allegation in Paragraph 52 of the Second Amended Complaint implying causation between the actions of a right-wing "think tank" and any alleged actions by Provost Summit with respect to Plaintiff's travel. Defendants deny all remaining allegations in Paragraph 52 of the Second Amended Complaint.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Second Amended Complaint related to AMED's operating budget and, on that basis, deny them.

10    Case No. 4:18-cv-04662-YGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

54. Defendants admit that on March 23, 2018, Summit emailed Plaintiff a letter asking her to remove a post on an AMED, University-affiliated Facebook page. Defendants admit that the letter stated that failure to remove the post would result in disciplinary action, in accordance with articles 18 and 19 in the CFA/CSU Collective Bargaining Agreement. Defendants deny all remaining allegations in Paragraph 54 of the Second Amended Complaint not expressly admitted.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation in Paragraph 55 of the Second Amended Complaint that she led a protest on February 13, 2019 and, on that basis, deny it. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 55 of the Second Amended Complaint regarding the firing of Plaintiff's student assistant or the denial of Plaintiff's travel authorization to South Africa and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 55 of the Second Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Second Amended Complaint regarding any "contrast" in treatment between Dr. Abdulhadi and her students and others. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding a Nazi student in Plaintiff's class and the University's actions in response and, on that basis, deny them. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of Plaintiff's Second Amended Complaint concerning an unnamed student, his actions, and any discipline he received and, on that basis, deny them.

57. Defendants deny the allegations in Paragraph 57 of the Second Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Second Amended Complaint.

59. Defendants admit, upon information and belief, that Plaintiff has closely associated with students who advocate for justice in Palestine and who are Palestinians and others of Arab ancestry, as well as with Muslim students. Defendants admit, upon information and belief, that

1  Plaintiff engages in advocacy work.  Defendants deny all remaining allegations in Paragraph 59 of
2  the Second Amended Complaint not expressly admitted.

3      60.    Defendants lack knowledge or information sufficient to form a belief about the
4  truth of the allegations in Paragraph 60 of the Second Amended Complaint regarding what work
5  Dr. Abdulhadi did and her characterizations of events on campus and, on that basis, deny them.
6  Defendants deny all remaining allegations in Paragraph 60 of the Second Amended Complaint.

7      61.    Defendants respond that Paragraph 61 of the Second Amended Complaint is
8  unintelligible and believe no response is required.  To the extent a response is required,
9  Defendants admit that Plaintiff is the faculty adviser to GUPS.  Defendants deny all remaining
10 allegations in Paragraph 61 of the Second Amended Complaint.

11     62.    Defendants lack knowledge or information sufficient to form a belief about the
12 truth of Plaintiff's allegations regarding a 2009 event co-sponsored by GUPS and AMED and, on
13 that basis, deny them.  Defendants admit, on information and belief, that Edward Said was a
14 professor at Columbia, served as President of the Modern Language Association, and was at some
15 point a visiting professor at Harvard, Yale, and Johns Hopkins.  Defendants deny all remaining
16 allegations in Paragraph 62 of the Second Amended Complaint not expressly admitted.

17     63.    Defendants lack knowledge or information sufficient to form a belief about the
18 truth of Plaintiff's allegations in Paragraph 63 of the Second Amended Complaint regarding Omar
19 Barghouti and, on that basis, deny them.

20     64.    Defendants lack knowledge or information sufficient to form a belief about the
21 truth of the allegations in Paragraph 64 of the Second Amended Complaint regarding former
22 President Corrigan, his actions or statements, and any responses to his actions or statements and,
23 on that basis, deny them.  Defendants deny that Corrigan possessed final decision-making
24 authority with respect to the faculty lines.  Defendants deny all remaining allegations in Paragraph
25 64 of the Second Amended Complaint.

26     65.    Defendants deny Plaintiff's characterization of her Memorandum of Understanding
27 as a contract and, on that basis, deny the allegations in Paragraph 65 of the Second Amended
28 Complaint.

66. Defendants deny that Corrigan unilaterally withdrew the contractually required faculty positions for AMED. Defendants admit that state universities are subject to the requirements of the First Amendment to the United States Constitution. Defendants deny all remaining allegations in Paragraph 66 of the Second Amended Complaint not expressly admitted.

67. Defendants admit that on November 7, 2013, students gathered for an on-campus event to celebrate the anniversary of the Edward Said Memorial Mural. Defendants deny the allegations in Paragraph 67 of the Second Amended Complaint regarding President Wong and the slogans, posters, or images. Defendants deny all remaining allegations in Paragraph 67 of the Second Amended Complaint not expressly admitted.

68. Defendants admit that SFSU performed at least one review of Plaintiff's travels from 2009-2014 in response to a whistleblower complaint alleging that Dr. Abdulhadi had misused state funds by misrepresenting the nature and purpose of her international travels. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 68 of the Second Amended Complaint and, on that basis, deny all remaining allegations in Paragraph 68 of the Second Amended Complaint not expressly admitted.

69. Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint.

70. Defendants deny, upon information and belief, Plaintiff's allegations in Paragraph 70 of the Second Amended Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Second Amended Complaint.

72. Defendants deny the allegation in Paragraph 72 of the Second Amended Complaint that instructions were issued and carried out in violation of SFSU travel policies. Defendants admit that state universities are subject to the requirements of the First Amendment to the United States Constitution. Defendants deny all remaining allegations in Paragraph 72 of the Second Amended Complaint not expressly admitted.

73. Defendants deny the allegations in Paragraph 73 of the Second Amended Complaint.

74. Defendants admit that Plaintiff has at least one disability documented with the University. Defendants deny, upon information and belief, all remaining allegations in Paragraph 74 of the Second Amended Complaint.

75. Defendants admit that SFSU convened a Presidential Task Force on Campus Climate in September 2017. Defendants deny the allegation in Paragraph 75 of the Second Amended Complaint characterizing her non-participation as conspicuous. Defendants deny all remaining allegations in Paragraph 75 of the Second Amended Complaint not expressly admitted.

76. Defendants admit that SFSU established an Ad Hoc Working Group to develop an "Equity and Social Justice Educational Outreach Plan." Defendants deny Plaintiff's allegation in Paragraph 76 of the Second Amended Complaint characterizing invitations or non-invitations to herself and other faculty members. Defendants deny all remaining allegations in Paragraph 76 of the Second Amended Complaint not expressly admitted.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Second Amended Complaint regarding the actions of the Department Chair and Plaintiff and, on that basis, deny them.

78. Defendants deny the allegations in Paragraph 78 of the Second Amended Complaint.

## FIRST CAUSE OF ACTION

### Deprivation of Civil Rights Under Color of State Law

### (Against Leslie Wong and Jennifer Summit, and Does 1-10, Inclusive)

79. Paragraph 79 of the Second Amended Complaint is a mere recitation of prior allegations to which no response is required. To the extent a response is required, Defendants incorporate their responses to and denials of the allegations contained in Paragraphs 1 through 78 of the Complaint, as if fully set forth herein.

80. The allegations against Defendant Rosser in Paragraph 80 have been dismissed by the Court and therefore no response is required. To the extent a response is required, Defendants deny the allegations against Defendant Rosser. The remaining allegations in Paragraph 80 of the

Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Second Amended Complaint and deny that Plaintiff is entitled to any relief whatsoever.

81.     The allegations against Defendant Rosser in Paragraph 81 have been dismissed by the Court and therefore no response is required.  To the extent a response is required, Defendants deny the allegations against Defendant Rosser.  The remaining allegations in Paragraph 81 of the Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81 of the Second Amended Complaint and deny that Plaintiff is entitled to any relief whatsoever.

82.     The allegations in Paragraph 82 of the Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff is an employee of CSU, of which SFSU is one of the campuses.

83.     The allegations in Paragraph 83 of the Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff has rights under the First Amendment and she may exercise them. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding all of the matters on which Plaintiff speaks and, on that basis, deny any remaining allegations in Paragraph 83 of the Second Amended Complaint.

84.     The allegations in Paragraph 84 of the Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84 of the Second Amended Complaint.

85.     The allegations in Paragraph 85 of the Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85 of the Second Amended Complaint.

86.     The allegations in Paragraph 86 of the Second Amended Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint.

15                              Case No. 4:18-cv-04662-YGR
DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

87. The allegations in Paragraph 87 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint.

88. The allegations in Paragraph 88 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Second Amended Complaint.

89. The allegations against Defendant Rosser in Paragraph 89 have been dismissed by the Court and therefore no response is required. To the extent a response is required, Defendants deny the allegations against Defendant Rosser. The remaining allegations in Paragraph 89 of the Second Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Second Amended Complaint and deny that Plaintiff is entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

Responding to the Prayer for Relief, Defendants deny that Plaintiff has been or will be retaliated against or damaged in any of the ways alleged, in any other ways, or at all, by reason of any act or omission of Defendants or any officer, agent or employee of Defendants acting under color of law. Defendants therefore deny that Plaintiff is entitled to any of the requested forms of relief on any basis whatsoever. Defendants further deny that the elements of relief sought are available to Plaintiff on the particular claims alleged. Defendants deny all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants, without admitting any of the allegations in Plaintiff's Second Amended Complaint, assert the following separate and independent affirmative defenses. Defendants do not, by stating the matters set forth in these defenses, allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters, and Defendants do not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

**First Affirmative Defense**

The Second Amended Complaint and each alleged claim therein fails to state a claim against Defendants upon which relief can be granted.

**Second Affirmative Defense**

All or some of the claims in the Second Amended Complaint are barred, in whole or in part, by the statute of limitations established by California Code of Civil Procedure § 335.1.

**Third Affirmative Defense**

All or some of the claims in the Second Amended Complaint are barred, in whole or in part, because Defendants are entitled to qualified immunity, and even if the trier of fact could conclude that a constitutional violation occurred, a reasonable University administrator would not have known based on clearly established law that he or she was violating the rights of Plaintiff.

**Fourth Affirmative Defense**

All or some of the claims in the Second Amended Complaint are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

**Fifth Affirmative Defense**

All or some of the claims in the Second Amended Complaint are barred, in whole or in part, because any actions or decisions Defendants made with respect to Plaintiff were taken in good faith and were done for legitimate, non-retaliatory, and constitutional reasons.

**Sixth Affirmative Defense**

All or some of the claims in the Second Amended Complaint are barred, in whole or in part, because to the extent Plaintiff suffered injuries or damages, which injuries and damages Defendants deny, such injury or damage was not proximately caused by any act or omission of Defendants.

### Seventh Affirmative Defense

All or some of the claims in the Second Amended Complaint are barred, in whole or in part, because to the extent Plaintiff suffered injuries or damages, which injuries and damages Defendants deny, such injury or damage was due wholly to Plaintiff's own conduct or the conduct of third parties for which Defendants cannot be held liable.

### Eighth Affirmative Defense

Plaintiff is barred and precluded from any relief on her Second Amended Complaint because she has failed and refused to substantiate or document her damages, if any.

### Ninth Affirmative Defense

Plaintiff is barred and precluded from any relief on her Second Amended Complaint because she has failed and refused to mitigate her damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### Tenth Affirmative Defense

Each claim for punitive damages is barred, in whole or in part, because the damages sought are not commensurate with the harm suffered and thus violate the due process and excessive-penalty protections provided to Defendants by the state and federal constitutions. In particular, Plaintiff's claim for punitive damages is barred or limited by state and federal law, including without limitation the Due Process Clauses of the Fifth and Fourteenth Amendments, the due process requirements of the California Constitution, and other constitutional and statutory provisions, or a combination of the foregoing.

### Eleventh Affirmative Defense

Without admitting any wrongful conduct by Defendants or any of their agents or employees, to the extent that Defendants engaged in any alleged wrongful conduct, such conduct was not willful.

**Twelfth Affirmative Defense**

Without admitting any wrongful conduct by Defendants or any of their agents or employees, to the extent that any alleged wrongdoing was undertaken by Defendants or any of their agents or employees outside the course and scope of their employment, Defendants are not liable for the resulting damages, if any.

**Reservation of Rights**

Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE**, Defendants pray as follows:

1. That judgment be entered in favor of Defendants and against Plaintiff;
2. That Plaintiff take nothing by reason of her Second Amended Complaint;
3. That the Second Amended Complaint be dismissed with prejudice;
4. That Defendants be awarded costs and attorney's fees incurred herein pursuant to relevant statutes; and,
5. That the Court grant Defendants such other and further relief as the Court deems just and proper in the circumstances.

DATED: October 7, 2019

MUNGER, TOLLES & OLSON LLP
BRADLEY S. PHILLIPS
ALISON F. KAROL

By:  */s/ Bradley S. Phillips*
BRADLEY S. PHILLIPS
Attorneys for Defendants LESLIE WONG and JENNIFER SUMMIT