Mark A. Kleiman (SBN 115919)
KLEIMAN / RAJARAM
2907 Stanford Ave. Venice, CA 90292
Telephone: (310) 306-8094
Facsimile:  (310) 306-8491
Email: mkleiman@quitam.org

Ben Gharagozli (SBN 272302)
Law Offices of Ben Gharagozli
2907 Stanford Avenue
Marina del Rey, California 90292
Telephone: (661) 607-4665
Facsimile:  (855) 628-5517
Email: ben.gharagozli@gmail.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABAB ABDULHADI, | ) Case No.: 18-cv-04662-YGR |
| Plaintiff, | ) |
| | ) **JOINT CASE MANAGEMENT** |
| v. | ) **STATEMENT** |
| | ) |
| LESLIE WONG, et al., | ) CMC Date:   November 4, 2019 |
| | ) Time:          2:00 pm |
| Defendants. | ) Courtroom:  1, 4th Floor |
| _____ | ) |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-9, and this

Court's Order Setting a Case Management Conference, dated August 26, 2019 (ECF No. 56),

Rabab Abdulhadi ("Plaintiff") and Leslie Wong and Jennifer Summit ("Defendants") hereby

submit what Plaintiff believes to be a Joint Case Management Statement.[1]

---

[1]  This Statement has been the subject of two telephonic conferences and two sets of revisions by the Defendants.  Plaintiff forwarded her last changes to Defendants on the morning of October

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.      Jurisdiction and Service

Plaintiff brings this action under 42 U.S.C. §1983.  The parties agree that the Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §1988(a).  No named parties remain to be served.

### 2.      Facts

**Plaintiff's Position:**

Plaintiff alleges, *inter alia*, the following:  Defendants have retaliated against her for exercising her rights to free speech and academic freedom (specifically political speech as it relates to teaching, researching and advocating for justice for and in Palestine).  Defendants are the first and second highest ranking officers at the University.  Plaintiff was recruited to develop and direct a program called Arab and Muslim Ethnicities and Diaspora Studies ("AMED").  The University suspended and never restored the promised budget lines for two additional tenure track faculty positions (which were intended to support Plaintiff in developing and directing the program) for the AMED program.  This was in retaliation for Plaintiff's outspoken political speech relating to justice in and for Palestine.  This was at least in part the result of pressure brought to bear on the University from right-wing pro-Israeli groups.

Pressure tactics included a trip to Israel for Wong sponsored by the Jewish Community Relations Council ("JCRC") and pressure from foundations which had donated to the University and other outside groups which falsely accused Plaintiff of anti-Semitism.  Upon Wong's return from Israel, he became openly hostile towards Plaintiff and the AMED program.

---

26, 2019.  Defendant replied with one last change at 11:29 a.m. on October 28, 2019.  Although Plaintiff accepted the changes and asked Defendants for final approval, Plaintiff has not heard back from Mr. Phillips or Defendant.  Ms. Sigurdsson's (one of Defendants' counsels) email issued an auto-responder directing Plaintiff to contact her legal assistant.  Emails and a telephone call to Ms. Sigurdsson's legal assistant have gone unanswered.

In retaliation of Plaintiff's political speech, Defendants ordered and ratified a campaign of harassment (read bureaucratic nightmare) against Plaintiff that included:

Repetitive and intrusive audits of her academic travel, delays and refusals of reimbursement; establishing deadlines during holidays such as Christmas and during school breaks, etc.; selectively prosecuting GUPS, a political student group that Plaintiff advises; tolerating outside groups' inciting violence against Plaintiff in violation of SFSU's own regulations; threatening Plaintiff with disciplinary proceedings; refusing to protect Plaintiff and her students when they complained about a self-proclaimed Nazi in Plaintiff's class who had threatened violence; firing Plaintiff's student assistant; abruptly and arbitrarily cancelling Plaintiff's classes; republishing on the University's official website, false and smearing allegations against Plaintiff; delaying replacement of Plaintiff's work laptop computer (which had been stolen during an academic trip) for several months; interfering with Plaintiff's academic travel.

The objective of Defendants' campaign of harassment was to establish an environment, which would force Plaintiff to surrender her tenured position, prevent her from conducting her academic work and/or remain silent on issues of justice for and in Palestine.

**Defendants' Position:**

Defendants disagree with Plaintiff's statement of the facts, and further allege that Defendants and CSU acted properly and reasonably towards Plaintiff at all times.

### 3.    Legal Issues

The parties dispute whether Defendants violated the §1983, and whether Plaintiff was harmed.

### 4.    Motions

The parties anticipate filing motions for summary judgment after the close of discovery, as appropriate.  Because Plaintiff will be conducting extensive discovery into the

actions of third parties to pressure the University, it is possible that motions will be required to overcome those third parties' resistance to discovery.

### 5.   Amendment of Pleadings

Plaintiff does not presently anticipate adding or dismissing parties or claims but reserves the right to do so pending discovery.  Defendants do not presently anticipate adding any cross-parties or dismissing/adding any affirmative defenses but reserve the right to do so pending discovery.

### 6.   Evidence Preservation

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues implicated by this action.

### 7.   Disclosures

The parties have stipulated that they will exchange their initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a), by January 31, 2020.

### 8.   Discovery

Neither party has served discovery in this matter in part due to the interest of coordinating discovery in this matter with a related state court case.[2] The parties in the State Court case are represented by the same attorneys as the parties in this Court.  The parties seek to cooperate to coordinate discovery between these two cases to avoid the waste of judicial resources and to promote efficiency.

---

[2] Plaintiff has filed and served a lawsuit in San Francisco Superior Court containing many of the claims which had been originally filed in this case to which the Board of Trustees of California State University had taken issue on grounds of sovereign immunity.  The "State Court case" (CGC-19-575943) contains allegations for breach of contract and illegal employment discrimination based upon Plaintiff's race, national origin, religion and disabilities, which touch upon the issues in the §1983 case before this Court.

Defendant in the State Court case demurred to four of the Plaintiff's six causes of action. Plaintiff will be amending her complaint on or before October 31, 2019. The parties do anticipate that notwithstanding this amendment, there will be another round of challenges to the pleading. The parties seek to begin discovery in both cases after the pleadings in the State Court case are also settled.

The parties submit the following proposed discovery plan, pursuant to Federal Rule of Civil Procedure 26(f):

a. Change to the Timing, Form, or Requirements for Rule 26(a) Disclosures:
   The parties have stipulated that they will exchange their initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a), on January 31, 2020.

b. Discovery Subjects and Schedule:
   The parties have agreed that neither party will serve any written discovery upon the other before January 1, 2020. The parties anticipate discovery on topics that include, but are not limited to, the following: (i) Wong's JCRC sponsored trip to Israel; (ii) communications between Defendants and/or those on his leadership team with third parties which have criticized Plaintiff or students groups she has advised; (iii) administrative practices and deviations from those practices with respect to reimbursement for travel, approval of travel, program budgeting, auditing of faculty expenses, and the like; (iv) communications between Defendants and/or those on his leadership team with respect to the speech or activities of Plaintiff or student groups she has advised; (v) communications between Defendants and/or those on his leadership team with respect to the acts and statements of non-University organizations or individuals which have criticized Plaintiff or student groups she has advised or other activities or speech regarding Palestine; (vi) the extent and nature of outside pressure groups as it relates to Defendants' retaliation against Plaintiff for her political speech.

As set forth in paragraph 17, below, the parties request a fact discovery-cut off on April 9, 2021.  The parties anticipate that fact discovery will be followed by expert discovery.  Expert discovery will address the questions of university practices and plaintiff's damages.  As set forth in paragraph 17 below, the parties request an expert discovery cut-off of January 24, 2022.

Defendants' Position on Discovery Schedule:

Defendants disagree that discovery and motion practice should or will take as long as Plaintiff's proposed schedule allows for, but do not object to Plaintiff's proposed schedule.

c. Electronically Stored Information:

The parties do not anticipate any unique issues regarding the disclosure of discovery or electronically stored information.  The parties intend to negotiate a stipulation governing discovery of electronically stored information, based on this District's [Model] Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation.

d. Claims of Privilege and Protection of Trial-Preparation Materials:

The parties intend to negotiate an order governing inadvertent production pursuant to Federal Rule of Evidence 502(d) and (e), based on this District's Model Stipulated Protective Order for Standard Litigation.  The parties have agreed to omit imposing privilege log requirements on communications with the undersigned counsel in the course of this litigation.

e. Changes to Limitations on Discovery in Federal and Local Rules:

The Plaintiff believes that because of the turnover among defendant Wong's executive team over a seven-year period and because of the discovery necessary from third parties who Plaintiff alleges have pressured the University, Plaintiff will need to conduct at least fifteen depositions.  What is more, although defendant Wong arrived

only in 2012, the factual predicate for the conflicts he inappropriately addressed and

participated in go back more than a decade.

Defendants disagree and believe there is no good cause to allow Plaintiff more than

ten depositions.  Other than that, the parties believe that the limits on discovery set

by the Federal Rules of Civil Procedure and Local Rules are appropriate for this

case, but reserve their rights to seek additional discovery as the case progresses.

f.   Other Matters:

None.

**8.     Class Actions**

Not applicable.

**9.     Related Cases**

Abdulhadi v. Board of Trustees of California State University, Superior Court for the

County of San Francisco, CGC-19-575943.

**10.    Relief**

Plaintiff seeks injunctive relief, general damages, economic / consequential damages,

and punitive damages.  Plaintiff also seeks reasonable attorney's fees and the costs of the

litigation.

Defendants seek judgment in favor of Defendants and against Plaintiff, that Plaintiff

take nothing by reason of her Second Amended Complaint, that the Second Amended

Complaint be dismissed with prejudice, and that Defendants be awarded costs and attorney's

fees.

**11.    Settlement and ADR**

The parties do not believe that a settlement conference or other ADR would be

productive until significant progress has been made in discovery.  The parties anticipate that

after such progress in discovery occurs, they will be in a better position to negotiate a

resolution.

**12.     Consent to Magistrate Judge for All Purposes**

Neither party has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**13.     Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.     Narrowing of Issues**

The parties anticipate that, at the close of discovery, they may file motions that will either streamline the case or narrow the issues for trial.

**15.     Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**16.     Scheduling**

Plaintiff proposes the following case schedule:

| | |
|---|---|
| Close of Fact Discovery: | April 9, 2021 |
| Plaintiff's Expert Disclosures: | July 9, 2021 |
| Defendant's Expert Disclosures: | September 10, 2021 |
| Plaintiff's Rebuttal Expert Disclosures: | October 10, 2021 |
| Close of Expert Discovery: | January 24, 2022 |
| Dispositive Motion Deadline: | March 24, 2022 |
| Dispositive Motion Hearing: | June 23, 2022 |
| Trial Briefs, Pretrial Motions, *Daubert* Motions: | August 24, 2022 |
| Pretrial Conference and Motions Hearing: | November 17, 2022 |

1  Settlement Conference:                                December 1, 2022

2  Trial:                                                January 30, 2023

3

4      Plaintiff is mindful that the proposed schedule budgets several years between the initial

5  case management conference and trial.  In this case, Plaintiff believes that good cause exists for

6  such a schedule because of the scope of discovery, which is expected to include numerous third

7  party depositions and cover conduct reaching back over a decade.

8      Defendants disagree that discovery or motion practice should or will take as long as

9  Plaintiff's propose, but do not object to Plaintiff's proposed schedule.

10     **17.    Trial**

11     The Plaintiff has demanded a jury trial.  Plaintiff expects the length of the trial to be

12  approximately 15 court days.  Defendants expect the length of the trial to be approximately 5

13  court days.

14     **18.    Disclosure of Non-Party Interested Persons or Entities**

15     The Plaintiff's Statement

16     Pursuant to Civil Local Rule 3-15, other than the named parties, there is no such

17  interest to report.

18

19     Defendants' Statement

20     Pursuant to Civil Local Rule 3-15, other than the named parties, there is no such interest

21  to report.  The Rule does not apply to any governmental entity or its agencies.

22     **19.    Professional Conduct**

23     The attorneys of record for the parties have reviewed the Guidelines for Professional

24  Conduct for the Northern District of California.

25     **20.    Other Matters**

26     The parties do not anticipate that the Court will need to address any other matters at this

27  time.

28

---

JOINT CASE MANAGEMENT STATEMENT

1   DATED:  October 28, 2019         RESPECTFULLY SUBMITTED

2                                    **KLEIMAN / RAJARAM**

3

4                                    By:   */s/ Mark Allen Kleiman*

5                                    Mark Allen Kleiman, Esq.

6                                    **LAW OFFICES OF BEN GHARAGOZLI**
7                                    Ben Gharagozli, Esq.

8   DATED:  October 28, 2019         MUNGER, TOLLES & OLSON LLP
                                         BRADLEY S. PHILLIPS
9                                        ALLISON F. SIGURDSSON

10

11                                   By:

12
                                         BRADLEY S. PHILLIPS
13                                       Attorneys for Defendants LESLIE WONG
                                         and JENNIFER SUMMIT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

JOINT CASE MANAGEMENT STATEMENT

Case No. 18-cv-04662-YGR                    10