1  BRADLEY S. PHILLIPS (State Bar No. 85263)
   brad.phillips@mto.com
2  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
3  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
4  Facsimile:    (213) 687-3702

5  ALISON F. KAROL (State Bar No. 308043)
   alison.karol@mto.com
6  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
7  San Francisco, California 94105
   Telephone:    (415) 412-4000
8  Facsimile:    (415) 415-4077

9
   Attorneys for Defendants LESLIE WONG and
10 JENNIFER SUMMIT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RABAB ABDULHADI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LESLIE WONG; et al.,<br><br>　　　　Defendants. | Case No. 4:18-cv-04662-YGR<br><br>**DECLARATION OF BRADLEY S. PHILLIPS IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:　Judge Yvonne Gonzalez Rogers |

**DECLARATION OF BRADLEY S. PHILLIPS**

I, Bradley S. Phillips, declare as follows:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am a partner in the law firm of Munger, Tolles & Olson LLP, counsel for Defendants Leslie Wong and Jennifer Summit in the above-captioned matter.

2. I submit this declaration in response to the Court's Order to Show Cause regarding non-appearance. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently to the matters set forth herein.

3. I am lead counsel for The Board of Trustees of California State University (CSU) in this matter.

4. The Court's Standing Order in Civil Cases provides that "each party shall be represented at case management conferences by lead trial counsel or counsel with authority to enter into stipulations and make admissions pursuant to Fed. R. Civ. P. 16(a) and (c), as well as fully prepared to address all the matters in the CAND CMC Order and Civil L.R. 16-10(b)." Standing Order in Civil Cases par. 6(a). I had read the Standing Order before November 4, 2019.

5. Alison Karol Sigurdsson, who appeared at the CMC on November 4, 2019, had the required authority and was prepared to address pre-trial issues. I conferred with Ms. Sigurdsson and in-house counsel at CSU in advance of the CMC to ensure that she would be in a position to address any issues that might arise at the CMC. I further understand that she did so and that a case schedule was adopted by the Court at the CMC. I understand that, in response to the Court's question about scheduling of dispositive motions, Ms. Sigurdsson intended to suggest a hearing on defendants' summary judgment motion near the end of 2020 (not that the motion would be filed then). I believe that suggestion was a reasonable one and might have made a similar suggestion had I been present.

6. I was traveling from New York to Los Angeles on Monday, November 4, 2019, having been in New York to support my wife, who ran the New York Marathon on Sunday, November 3, 2019. I might have been able to re-arrange my travel schedule so that I could participate in the CMC by telephone, but I did not do so in light of the facts that Ms. Sigurdsson

1  was prepared and had the required authority and that the Court's Standing Order states that
2  "telephonic appearances are disfavored" and will be allowed "only upon a compelling showing of
3  good cause."
4      I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct.
6      Executed this 12th day of November, 2019, at Los Angeles, California.

          */s/ Bradley S. Phillips*
          BRADLEY S. PHILLIPS