# EXHIBIT B

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Mark A. Kleiman (SBN 115919)
KLEIMAN / RAJARAM
2525 Main Street, Suite 204
Santa Monica, CA 90405
Telephone: (310) 306-8094
Facsimile:  (310) 306-8491
Email: mkleiman@quitam.org

Ben Gharagozli (SBN 272302)
Law Offices of Ben Gharagozli
2525 Main Street, Suite 204
Santa Monica, CA 90405
Telephone: (661) 607-4665
Facsimile:  (855) 628-5517
Email: ben.gharagozli@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABAB ABDULHADI,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LESLIE WONG, et al.,<br><br>　　　　Defendants. | Case No.: 18-cv-04662-YGR<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:　April 6, 2020<br>Time:　　　2:00 pm<br>Courtroom:　1, 4th Floor |

　　　Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-9, and this Court's Order Setting a Case Management Conference, dated November 4, 2019 (ECF No. 65), Rabab Abdulhadi ("Plaintiff") and Leslie Wong and Jennifer Summit ("Defendants") hereby submit the present Joint Case Management Statement.

1.  **Plaintiff's Updates Since the November 4, 2019 Case Management Conference**

On December 13, 2019, Defendants propounded seven (7) document requests. Responding to these document requests will require Plaintiff to review potentially thousands of emails and documents spanning the course of at least 15 years.  In ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

On January 13, 2020, ███████████████████████████ the parties stipulated to an extension of time to March 2, 2020 for Plaintiff to respond to Defendants' discovery requests. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ the parties subsequently agreed to a further extension to April 13, 2020 unless further extended by the Court or agreement of the parties.

Defendants would like to have the documents responsive to their document requests in

time to review before they take Plaintiff's deposition and before the settlement conference scheduled with Judge Corley (currently scheduled for April 28, 2020).[1] ▮

▮

▮

▮

▮

▮

▮

▮

d▮

     In light of the foregoing, Plaintiff has proposed the following revised schedule for the immediate next steps in this case:

     July 15, 2020: deadline for Plaintiff to respond to CSU's document demands

     Mid August 2020: Deposition of Plaintiff

     September 2020: settlement conference

     Regrettably, this would require an adjustment to the discovery cut off schedule and trial date (currently set for August 14, 2020 and March 1, 2021). Defendants do not oppose this proposal and have approved the schedule above in the event the Court agrees the overall schedule for the case should be extended.

    **2.**    **Jurisdiction and Service**

---

[1] Further, Defendants previously requested a continuance of the currently scheduled April 28, 2020 settlement conference ▮

Plaintiff brings this action under 42 U.S.C. §1983.  The parties agree that the Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. §1988(a).  No named parties remain to be served.

**3.     Facts**

**Plaintiff's Position:**

Plaintiff alleges, *inter alia*, the following:  Defendants have retaliated against her for exercising her rights to free speech and academic freedom (specifically political speech as it relates to teaching, researching and advocating for justice for and in Palestine).  Defendants are the first and second highest ranking officers at the University.  Plaintiff was recruited to develop and direct a program called Arab and Muslim Ethnicities and Diaspora Studies ("AMED").  The University suspended and never restored the promised budget lines for two additional tenure track faculty positions (which were intended to support Plaintiff in developing and directing the program) for the AMED program.  This was in retaliation for Plaintiff's outspoken political speech relating to justice in and for Palestine.  This was at least in part the result of pressure brought to bear on the University from right-wing pro-Israeli groups.

Pressure tactics included a trip to Israel for Wong sponsored by the Jewish Community Relations Council ("JCRC") and pressure from foundations which had donated to the University and other outside groups which falsely accused Plaintiff of anti-Semitism.  Upon Wong's return from Israel, he became openly hostile towards Plaintiff and the AMED program.

In retaliation of Plaintiff's political speech, Defendants ordered and ratified a campaign of harassment (read bureaucratic nightmare) against Plaintiff that included:

Repetitive and intrusive audits of her academic travel, delays and refusals of reimbursement; establishing deadlines during holidays such as Christmas and during school breaks, etc.; selectively prosecuting GUPS, a political student group that Plaintiff advises; tolerating outside groups' inciting violence against Plaintiff in violation of SFSU's own

regulations; threatening Plaintiff with disciplinary proceedings; refusing to protect Plaintiff and her students when they complained about a self-proclaimed Nazi in Plaintiff's class who had threatened violence; firing Plaintiff's student assistant; abruptly and arbitrarily cancelling Plaintiff's classes; republishing on the University's official website, false and smearing allegations against Plaintiff; delaying replacement of Plaintiff's work laptop computer (which had been stolen during an academic trip) for several months; interfering with Plaintiff's academic travel.

The objective of Defendants' campaign of harassment was to establish an environment, which would force Plaintiff to surrender her tenured position, prevent her from conducting her academic work and/or remain silent on issues of justice for and in Palestine.

**Defendants' Position:**

Defendants disagree with Plaintiff's statement of the facts, and further allege that Defendants and CSU acted properly and reasonably towards Plaintiff at all times.

Defendants have, throughout the time of their employment at CSU, endeavored to apply University policies fairly and consistently, and have done so with respect to Plaintiff. Plaintiff has received ample funding and has been afforded significant deference in her requests for exceptions to University policy. Defendants have not taken any action in retaliation for Plaintiff's exercise of her right to free speech, nor have they taken any actions against Plaintiff as a result of pressure from outside donors or Jewish groups. Additionally, Plaintiff has not been subject to harassment by the University, let-alone a "campaign" of harassment.

4. **Legal Issues**

The parties dispute whether Defendants violated §1983, and whether Plaintiff was harmed.

5. **Motions**

The parties anticipate filing motions for summary judgment after the close of discovery, as appropriate. Because Plaintiff will be conducting extensive discovery into the

actions of third parties to pressure the University, it is possible that motions will be required to overcome those third parties' resistance to discovery.

### 6. Amendment of Pleadings

Plaintiff does not presently anticipate adding or dismissing parties or claims but reserves the right to do so pending discovery. Defendants do not presently anticipate adding any cross-parties or dismissing/adding any affirmative defenses but reserve the right to do so pending discovery.

### 7. Evidence Preservation

The parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues implicated by this action.

### 8. Disclosures

The parties have stipulated that they will exchange their initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a), by April 17, 2020.

### 9. Discovery

As mentioned above, Defendants have propounded written discovery requests and Plaintiff has propounded no discovery requests. Neither party has served discovery in the related state court case, as there is an impending hearing on CSU's demurrer.[2] The parties in the State Court case are represented by the same attorneys as the parties in this Court. The parties seek to cooperate to coordinate discovery between these two cases to avoid the waste of judicial resources and to promote efficiency.

---

[2] Plaintiff has filed and served a lawsuit in San Francisco Superior Court containing many of the claims which had been originally filed in this case to which the Board of Trustees of California State University had taken issue on grounds of sovereign immunity. The "State Court case" (CGC-19-575943) contains allegations for breach of contract and illegal employment discrimination based upon Plaintiff's race, national origin, religion and disabilities, which touch upon the issues in the §1983 case before this Court.

Plaintiff amended the State Court complaint by filing a First Amended Complaint ("FAC") on October 31, 2019. Defendant (Board of Trustees of the California State University) in the State Court case has demurred to three of the Plaintiff's five causes of action in the FAC. The demurrer is set to be heard on March 26, 2020. The parties seek to begin discovery after the pleadings in the State Court case are settled.

The parties submit the following proposed discovery plan, pursuant to Federal Rule of Civil Procedure 26(f):

a. <u>Change to the Timing, Form, or Requirements for Rule 26(a) Disclosures</u>:
The parties have stipulated that they will exchange their initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a), on April 17, 2020.

b. <u>Discovery Subjects and Schedule</u>:
As stated above, the parties are working cooperatively on a discovery schedule.

<u>Plaintiff's Position on Discovery Schedule</u>

Plaintiff anticipates discovery on topics that include, but are not limited to, the following: (i) Wong's JCRC sponsored trip to Israel; (ii) communications between Defendants and/or those on his leadership team with third parties which have criticized Plaintiff or students groups she has advised; (iii) administrative practices and deviations from those practices with respect to reimbursement for travel, approval of travel, program budgeting, auditing of faculty expenses, and the like; (iv) communications between Defendants and/or those on their leadership teams with respect to the speech or activities of Plaintiff or student groups she has advised; (v) communications between Defendants and/or those on his leadership team with respect to the acts and statements of non-University organizations or individuals which have criticized Plaintiff or student groups she has advised or other activities or speech regarding Palestine; (vi) the extent and nature of outside pressure groups as it relates to Defendants' retaliation against Plaintiff for her political speech.

     As set forth in paragraph 17, below, Plaintiff requests a fact discovery-cut off on April 9, 2021. The parties anticipate that fact discovery will be followed by expert discovery. Expert discovery will address the questions of university practices and plaintiff's damages. As set forth in paragraph 17 below, Plaintiff requests an expert discovery cut-off of January 24, 2022.

     <u>Defendants' Position on Discovery Schedule:</u>

Defendants agree that the current schedule for discovery does not allow sufficient time to complete discovery, in light of the developments Plaintiff describes above. Defendants take no position on Plaintiff's proposed schedule. Defendants accept counsel's representations about Plaintiff's health and will accommodate them within reason, but defer to the Court on an appropriate schedule in light of those health concerns.

     As discussed, Defendants served written requests for production on Plaintiff in mid-December and are awaiting her responses in order to be able to prepare for Plaintiff's deposition, assess the need and topics for further discovery, and prepare for any settlement discussions. Defendants stand ready to respond to discovery requests from Plaintiff.

c. <u>Electronically Stored Information</u>:

The parties do not anticipate any unique issues regarding the disclosure of discovery or electronically stored information. The parties intend to negotiate a stipulation governing discovery of electronically stored information, based on this District's [Model] Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation.

d. <u>Claims of Privilege and Protection of Trial-Preparation Materials</u>:

The parties intend to negotiate an order governing inadvertent production pursuant to Federal Rule of Evidence 502(d) and (e), based on this District's Model Stipulated

      Protective Order for Standard Litigation.  The parties have agreed to omit imposing privilege log requirements on communications with the undersigned counsel in the course of this litigation.

    e.  <u>Changes to Limitations on Discovery in Federal and Local Rules</u>:

      The Plaintiff believes that because of the turnover among defendant Wong's executive team over a seven-year period and because of the discovery necessary from third parties who Plaintiff alleges have pressured the University, Plaintiff will need to conduct at least fifteen depositions.  What is more, although defendant Wong arrived only in 2012, the factual predicate for the conflicts he inappropriately addressed and participated in go back more than a decade.

      Defendants disagree and believe there is no good cause to allow Plaintiff more than ten depositions.  Other than that, the parties believe that the limits on discovery set by the Federal Rules of Civil Procedure and Local Rules are appropriate for this case, but reserve their rights to seek additional discovery as the case progresses.

    f.  <u>Other Matters</u>:

      None.

**10.    Class Actions**

Not applicable.

**11.    Related Cases**

<u>Abdulhadi v. Board of Trustees of California State University</u>, Superior Court for the County of San Francisco, CGC-19-575943.

**12.    Relief**

Plaintiff seeks injunctive relief, general damages, economic / consequential damages, and punitive damages.  Plaintiff also seeks reasonable attorney's fees and the costs of the litigation.

Defendants seek judgment in favor of Defendants and against Plaintiff, that Plaintiff take nothing by reason of her Second Amended Complaint, that the Second Amended Complaint be dismissed with prejudice, and that Defendants be awarded costs and attorney's fees.

13. **Settlement and ADR**

The parties do not believe that a settlement conference or other ADR would be productive until significant progress has been made in discovery.  The parties anticipate that after such progress in discovery occurs, they will be in a better position to negotiate a resolution.

14. **Consent to Magistrate Judge for All Purposes**

Neither party has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

15. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

16. **Narrowing of Issues**

The parties anticipate that, at the close of discovery, they may file motions that will either streamline the case or narrow the issues for trial.

17. **Expedited Trial Procedure**

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

18. **Scheduling**

Plaintiff proposes the following case schedule:

| | |
|---|---|
| Close of Fact Discovery: | April 9, 2021 |
| Plaintiff's Expert Disclosures: | July 9, 2021 |

| | |
|---|---|
| Defendant's Expert Disclosures: | September 10, 2021 |
| Plaintiff's Rebuttal Expert Disclosures: | October 10, 2021 |
| Close of Expert Discovery: | January 24, 2022 |
| Dispositive Motion Deadline: | March 24, 2022 |
| Dispositive Motion Hearing: | June 23, 2022 |
| Trial Briefs, Pretrial Motions, *Daubert* Motions: | August 24, 2022 |
| Pretrial Conference and Motions Hearing: | November 17, 2022 |
| Settlement Conference: | December 1, 2022 |
| Trial: | January 30, 2023 |

Plaintiff is mindful that the proposed schedule budgets several years between the initial case management conference and trial. In this case, Plaintiff believes that good cause exists for such a schedule because of the Plaintiff's current state of health and scope of discovery, which is expected to include numerous third party depositions and cover conduct reaching back over a decade.

Defendants take no position on Plaintiff's requested schedule, except to agree that the current schedule should be continued in light of Plaintiff's health concerns. Defendants accept counsel's representations about Plaintiff's health and will accommodate them within reason, but defer to the Court on an appropriate schedule in light of Plaintiff's stated health concerns.

### 19. Trial

The Plaintiff has demanded a jury trial. Plaintiff expects the length of the trial to be approximately 15 court days. Defendants expect the length of the trial to be approximately 5 court days.

### 20. Disclosure of Non-Party Interested Persons or Entities

<u>The Plaintiff's Statement</u>

Pursuant to Civil Local Rule 3-15, other than the named parties, there is no such interest to report.

Defendants' Statement

Pursuant to Civil Local Rule 3-15, other than the named parties, there is no such interest to report. The Rule does not apply to any governmental entity or its agencies.

**21. Professional Conduct**

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**22. Other Matters**

The parties do not anticipate that the Court will need to address any other matters at this time.

DATED: March 30, 2020                    RESPECTFULLY SUBMITTED

**KLEIMAN / RAJARAM**

By:  */s/ Mark Allen Kleiman*

Mark Allen Kleiman, Esq.

**LAW OFFICES OF BEN GHARAGOZLI**
Ben Gharagozli, Esq.

DATED: March 30, 2020                    MUNGER, TOLLES & OLSON LLP
                                         BRYAN HECKENLIVELY
                                         ALISON KAROL SIGURDSSON

By:  */s/ Bryan Heckenlively*

BRYAN HECKENLIVELY
Attorneys for Defendants LESLIE WONG and JENNIFER SUMMIT