Mark A. Kleiman (SBN 115919)
KLEIMAN / RAJARAM
2525 Main Street, Suite 204
Santa Monica, CA 90405
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
Email: mkleiman@quitam.org

Ben Gharagozli (SBN 272302)
Law Offices of Ben Gharagozli
2525 Main Street, Suite 204
Santa Monica, CA 90405
Telephone: (661) 607-4665
Facsimile: (855) 628-5517
Email: ben.gharagozli@gmail.com

Attorneys for Plaintiff, RABAB ABDULHADI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABAB ABDULHADI,<br><br>Plaintiff,<br>v.<br><br>LESLIE WONG, ET AL.<br><br>Defendants | ) Case No.: 4:18-cv-04662-YGR<br>)<br>) **REPLY TO DEFENDANTS'**<br>) **RESPONSE TO MOTION TO**<br>) **WITHDRAW; DECLARATION OF**<br>) **MARK A. KLEIMAN IN SUPPORT**<br>) **THEREOF**<br>)<br>) **Date:   June 30, 2020**<br>) **Time:  2:00 p.m.**<br>) **Location: Courtroom 1 (4th Floor)**<br>) **Judge: Yvonne Gonzalez Rogers**<br>)<br>)<br>) |

REPLY TO DEFENDANTS' RESPONSE TO MOTION TO WITHDRAW; DECLARATION OF MARK A.
KLEIMAN IN SUPPORT THEREOF

Case No. 4:18-cv-04662

**REPLY TO DEFENDANTS' RESPONSE**

Since the filing of the Motion to Withdraw as Attorneys of Record and Defendants' Response, attorneys for Plaintiff, Rabab Abdulhadi (hereinafter "Plaintiff") have served written responses to the outstanding documents demands that Defendants served in December 2019 (and agreed to extensions for Plaintiff to respond) per the Court ordered June 15, 2020 deadline. A true and accurate copy of the responses is attached as **Exhibit A**. Attorneys for Plaintiff were only able to serve responses that contained objections and were unable to produce documents responsive to Defendants' document demands.[1]

DATED:  June 16, 2020                             LAW OFFICE OF MARK ALLEN KLEIMAN

                                                                    MARK A. KLEIMAN (SBN 115919)

                                                     By:  _____
                                                                    MARK  A. KLEIMAN

                                                                    LAW OFFICE OF BEN GHARAGOZLI
                                                                        BEN GHARAGOZLI (SBN 272302)

                                                     By:     /s/ Ben Gharagozli
                                                            _____
                                                                    BEN GHARAGOZLI

                                                     Attorneys for Plaintiff RABAB ABDULHADI

---

[1] If the Court orders, Attorneys for Plaintiff would certainly discuss the reasons fro this with the Court in camera.

REPLY TO DEFENDANTS' RESPONSE TO MOTION TO WITHDRAW; DECLARATION OF MARK A. KLEIMAN IN SUPPORT THEREOF

Case No. 4:18-cv-04662

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MARK A. KLEIMAN**

I, Mark A. Kleiman, hereby declare as follows:

1.  I am an attorney duly licensed to practice law before all courts in the State of California and am admitted to practice before this Court as well.  Along with Mr. Ben Gharagozli, I represent Dr. Rabab Abdulhadi.  If called upon to do so, I could and would testify competently to the following based upon firsthand knowledge.

2.   Since the filing of the Motion to Withdraw as Attorneys of Record and Defendants' Response, Mr. Gharagozli and I have served written responses to the outstanding documents demands that Defendants served in December 2019 (and agreed to extensions for Plaintiff to respond) per the Court ordered June 15, 2020 deadline.  A true and accurate copy of the responses is attached as **Exhibit A**.

3.   Mr. Gharagozli and I were only able to serve responses that contained objections and were unable to produce documents responsive to Defendants' document demands.  If the Court orders, Mr. Gharagozli and I would certainly discuss the reasons for this with the Court in camera.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 16th day of June, 2020 at Los Angeles, California.

_____
Mark A. Kleiman

REPLY TO DEFENDANTS' RESPONSE TO MOTION TO WITHDRAW; DECLARATION OF MARK A. KLEIMAN IN SUPPORT THEREOF

Case No. 4:18-cv-04662

# EXHIBIT A

1  Mark A. Kleiman (SBN 115919)
   KLEIMAN / RAJARAM
2  2525 Main Street, Suite 204
3  Santa Monica, CA 90405
   Telephone: (310) 392-5455
4  Facsimile: (310) 306-8491
   Email: mkleiman@quitam.org
5
6  Ben Gharagozli (SBN 272302)
   Law Offices of Ben Gharagozli
7  2525 Main Street, Suite 204
   Santa Monica, CA 90405
8  Telephone: (661) 607-4665
   Facsimile: (855) 628-5517
9  Email: ben.gharagozli@gmail.com

10

11 Attorneys for Plaintiff, RABAB ABDULHADI

12

13               UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16  RABAB ABDULHADI,                    ) Case No.: 4:18-cv-04662-YGR
                                        )
17        Plaintiff,                    )
          v.                            ) **PLAINTIFF'S OBJECTIONS TO**
                                        ) **DEFENDANTS' FIRST SET OF**
18  LESLIE WONG, ET AL.                 ) **REQUESTS FOR PRODUCTION OF**
                                        ) **DOCUMENTS**
19        Defendants.                   )
                                        )
20  _____ )

21

22

23  **PROPOUNDING PARTY:** Defendants, LESLIE WONG and JENNIFER SUMMIT

24  **RESPONDING PARTY:**   Plaintiff, RABAB ABDULHADI

25  **SET NO.:**            One

26

27

28

_____
              PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FIRST SET OF
                 REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. __4:18-cv-04662
                                    1

## RESPONSES TO REQUESTS FOR PRODUCTION

### General Response

Out of an abundance of caution, Plaintiff's counsel has a good faith belief that the following objections are applicable and asserts them in order to preserve Plaintiff's rights.

**REQUEST FOR PRODUCTION NO. 1**:

All DOCUMENTS and COMMUNICATIONS material to your decision to accept employment at SFSU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural person, proprietorship, public or private corporation, partnership, limited liability company, . . . or any other form of business or legal entity, organization, arrangement, group, or association", this request appears to call for documents or communications which may encompass attorney-client privileged documents.  Further objection:  The request may also be violative of third party privacy rights, specifically First Amendment rights as articulated by *Chevron Corp. v. Donziger*, 2013 U.S.Dist. LEXIS 49753 (N.D. Cal. April 5, 2013) and *Perry v. Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009).   Further Objection: This request appears to call for documents or communications which may encompass documents which identify student-workers or other students in violation of the Family Education Rights and Privacy Act, see 20 U.S.C. §1232g, and 34 CFR Pt. 99. Further objections:  Vague, ambiguous, calls for a legal conclusion.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS from CSU or SFSU to YOU regarding recruitment, travel allowances, or plans to hire additional faculty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural person, proprietorship, public or private corporation, partnership, limited liability company, . . . or any other form of business or legal entity, organization, arrangement, group, or association",

1   this request appears to call for documents or communications which may encompass documents

2   which identify student-workers or other students in violation of the Family Education Rights and

3   Privacy Act, <u>see</u> 20 U.S.C. §1232g, and 34 CFR Pt. 99.  Further objection:  Vague, ambiguous.

4   **REQUEST FOR PRODUCTION NO. 3**:

5       All  DOCUMENTS  and  COMMUNICATIONS  referring  to  or  concerning  YOUR

6   allegation that an SFSU administrator or SFSU administrators used an anti-Palestinian slur in

7   reference to you or in speaking to you.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

9       Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural

10  person, proprietorship, public or private corporation, partnership, limited liability company, . . .

11  or any other form of business or legal entity, organization, arrangement, group, or association",

12  this request appears to call for documents or communications which may encompass attorney-

13  client privileged or work product protected documents.  Further objection:  The request may also

14  be violative of third party privacy rights, specifically First Amendment rights as articulated by

15  *Chevron Corp. v. Donziger*, 2013 U.S.Dist. LEXIS 49753 (N.D. Cal. April 5, 2013) and *Perry v.*

16  *Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009).  Further objection:  May encompass documents

17  which identify student-workers or other students in violation of the Family Education Rights and

18  Privacy Act, <u>see</u> 20 U.S.C. §1232g, and 34 CFR Pt. 99.  Further objection:  Vague, ambiguous.

19  **REQUEST FOR PRODUCTION NO. 4**:

20      All DOCUMENTS and COMMUNICATIONS concerning YOUR allegation that SFSU

21  administrators have interfered with YOUR travel for purposes of harassment.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

23      Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural

24  person, proprietorship, public or private corporation, partnership, limited liability company, . . .

25  or any other form of business or legal entity, organization, arrangement, group, or association",

26  this request appears to call for documents or communications which may encompass attorney-

27  client privileged or work product protected documents.  Further objection:  The request may also

28

be violative of third party privacy rights, specifically First Amendment rights as articulated by *Chevron Corp. v. Donziger*, 2013 U.S.Dist. LEXIS 49753 (N.D. Cal. April 5, 2013) and *Perry v. Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009).  Further objection:  May encompass documents which identify student-workers or other students in violation of the Family Education Rights and Privacy Act, see 20 U.S.C. §1232g, and 34 CFR Pt. 99.  Further objection:  Vague, ambiguous.

**REQUEST FOR PRODUCTION NO. 5**:

All DOCUMENTS and COMMUNICATIONS concerning efforts by CSU or SFSU to search for, recruit, and/or hire additional faculty for the AMED program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural person, proprietorship, public or private corporation, partnership, limited liability company, . . . or any other form of business or legal entity, organization, arrangement, group, or association", this request appears to call for documents or communications which may encompass attorney-client privileged or work product protected documents.  Further objection:  The request may also be violative of third party privacy rights, specifically First Amendment rights as articulated by *Chevron Corp. v. Donziger*, 2013 U.S.Dist. LEXIS 49753 (N.D. Cal. April 5, 2013) and *Perry v. Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009).  Further objection:  May encompass documents which identify student-workers or other students in violation of the Family Education Rights and Privacy Act, see 20 U.S.C. §1232g, and 34 CFR Pt. 99.  Further objection:  Vague, ambiguous.

**REQUEST FOR PRODUCTION NO. 6**:

All DOCUMENTS and COMMUNICATIONS concerning YOUR allegation that searches for two tenure-track faculty positions in the AMED program were cancelled and not reinstated, as alleged in Paragraphs 21-22, 24, and 84 of YOUR Second Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural person, proprietorship, public or private corporation, partnership, limited liability company, . . . or any other form of business or legal entity, organization, arrangement, group, or association",

1   this request appears to call for documents or communications which may encompass attorney-

2   client privileged or work product protected documents.  Further objection:  The request may also

3   be violative of third party privacy rights, specifically First Amendment rights as articulated by

4   *Chevron Corp. v. Donziger*, 2013 U.S.Dist. LEXIS 49753 (N.D. Cal. April 5, 2013) and *Perry v.*

5   *Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009).  Further objection:  May encompass documents

6   which identify student-workers or other students in violation of the Family Education Rights and

7   Privacy Act, <u>see</u> 20 U.S.C. §1232g, and 34 CFR Pt. 99.  Further objection:  Vague, ambiguous.

8   **REQUEST FOR PRODUCTION NO. 7**:

9          All   DOCUMENTS   and   COMMUNICATIONS   supporting   YOUR   allegation   that

10   "virtually all other faculty searches in programs other than AMED studies which were canceled

11   at that time were later restored" and that "the positions that were promised for Dr. Abdulhadi's

12   program are almost the only ones that were never restored," as alleged in Paragraph 25 of YOUR

13   Second Amended Complaint.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

15          Objection:  Since the defendants' definition of "YOU" and "YOUR" "refers to any natural

16   person, proprietorship, public or private corporation, partnership, limited liability company,  . . .

17   or any other form of business or legal entity, organization, arrangement, group, or association",

18   this request appears to call for documents or communications which may encompass attorney-

19   client privileged or work product protected documents.  Further objection:  The request may also

20   be violative of third party privacy rights, specifically First Amendment rights as articulated by

21   *Chevron Corp. v. Donziger*, 2013 U.S.Dist. LEXIS 49753 (N.D. Cal. April 5, 2013) and *Perry v.*

22   *Schwarzenegger*, 591 F.3d 1126 (9th Cir. 2009).  Further objection:  May encompass documents

23   which identify student-workers or other students in violation of the Family Education Rights and

24   Privacy Act, <u>see</u> 20 U.S.C. §1232g, and 34 CFR Pt. 99.  Further objection:  Vague, ambiguous,

25   calls for a legal conclusion.

26   //

27   //

28

_____
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. __4:18-cv-04662

1   DATED:  June 15, 2020                    KLEIMAN / RAJARAM

2                                            MARK A. KLEIMAN (SBN 115919)

3                                        By: _Mark K Cleiman_____

4                                            MARK  A. KLEIMAN

5                                            LAW OFFICE OF BEN GHARAGOZLI

6                                                BEN GHARAGOZLI (SBN 272302)

7                                        By: ___/s/ Ben Ghargozli_____

8                                             BEN GHARAGOZLI

9                                             Attorneys for Plaintiff RABAB ABDULHADI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA           )
                              ) ss.
COUNTY OF LOS ANGELES         )

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2525 Main Street, Suite 204, Santa Monica, CA 90405.  On June __15_, 2020 I served the foregoing document described as **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested Party in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

[  ] BY ELECTRONIC SERVICE
   Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

[X] BY REGULAR MAIL: I deposited such envelope in the mail at 2525 Main Street, Santa Monica, California 90405. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

| | |
|---|---|
| BRADLEY S. PHILLIPS (State Bar No. 85263)<br>Brad.Phillips@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071-3426<br>Telephone: (213) 683-9100<br>Facsimile: (213) 687-3702 | ALISON F. KAROL (SIGURDSSON)<br>(State Bar No. 408043)<br>Alison.Karol@mto.com<br>(Alison.Sigurdsson@mto.com)<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, Twenty-Seventh Floor<br>San Francisco, California 94105-0913<br>Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077 |

   Executed on June __15_, 2020 at Santa Monica, California.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Mark Kleiman

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I am employed in the City of Santa Monica, County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within action. My business address is 2525 Main Street, Suite 204, Santa Monica, CA 90405.

On this date, I served the following document(s):

**REPLY TO DEFENDANTS' RESPONSE TO MOTION TO WITHDRAW; DECLARATION OF MARK A. KLEIMAN IN SUPPORT THEREOF**

I hereby certify that the foregoing document was efiled with the Clerk of the Court for the United States District Court for the Northern District of California using the appellate CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I also placed true copies thereof in sealed envelopes addressed as shown below by the following means of service:

> Rabab Abdulhadi
> 1600 Holloway venue, Room EP 425
> San Francisco, CA  94132
> rabab.abdulhadi@gmail.com

[X]  By First Class Mail - I am readily familiar with the firms' practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Santa Monica, California, for mailing to the office of the addressee following ordinary business practices.

[X] By Electronic Transmission - I caused each such document to be transmitted to the office of the email addressee.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2020, at Santa Monica, California.

_____
Mark Kleiman