BRADLEY S. PHILLIPS (State Bar No. 85263)
brad.phillips@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
ALISON KAROL SIGURDSSON (State Bar No. 308043)
alison.sigurdsson@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:   (415) 412-4000
Facsimile:   (415) 415-4077

Attorneys for Defendants Leslie Wong, and Jennifer Summit

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RABAB ABDULHADI,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE WONG; et al.,<br><br>Defendants. | Case No. 4:18-cv-04662-YGR<br><br>**DEFENDANTS' RESPONSE TO NOTICE OF PLAINTIFF'S CURRENT ADDRESS AND TELEPHONE NUMBER PER COURT'S JUNE 19, 2020 ORDER**<br><br>[Filed concurrently with Declaration of Alison Karol Sigurdsson; [PROPOSED] Order]<br><br>Judge:   Hon. Gonzalez Rogers<br>Date:    July 14, 2020<br>Time:    2:00 PM<br>Crtrm.:  1 (4th Floor) |

Defendants submit this response to raise concerns about the address Plaintiff's counsel submitted for Plaintiff in connection with their motion to withdraw as counsel and in response to the Court's June 19, 2020 Order.

**1.     Background**

On July 1, 2020, Plaintiff's counsel submitted a notice of Plaintiff's current address and telephone number per the Court's June 19, 2020 order requiring counsel to do so.  See ECF Nos. 81, 82.  Plaintiff's notice listed 1600 Holloway Avenue, Room EP 425, San Francisco, CA 94132, her professional address on the San Francisco State University ("SFSU") campus.  See ECF No. 82.  She also listed her SFSU phone number.  *Id*.

On July 2, 2020, Defendants' counsel informed Plaintiff's counsel that CSU objected to Plaintiff using her business address and phone number as her current contact information for two reasons.  *See* Sigurdsson Decl.  ¶ 4.  First, Defendants informed Plaintiff that her business address and phone number are for business purposes only, and that she may not utilize SFSU mailroom and administrative staff to handle her case-related documents.  Second, Defendants expressed concern that Dr. Abdulhadi's campus address and phone number would not be effective for Dr. Abdulhadi to receive timely case-related notices or personal service, because Dr. Abdulhadi lives in New York and the mail received by her University department is not being physically monitored due to limited on-campus operations in response to COVID-19.  *Id*.

Subsequent meet-and-confer correspondence followed, in which Plaintiff requested further information about CSU's policies and procedures for receipt of personal mail by University employees, expressed concern for her personal safety if required to file her residential address with the Court, and indicated that she would be able to receive case-related notices electronically through the ECF system.  See Sigurdsson Decl.  ¶ 4, Ex. 1.  Plaintiff also offered to utilize the San Francisco address of the California Faculty Association rather than her business address.  *Id*.

On July 8, 2020, Defendants provided Plaintiff's counsel with the multiple CSU policies limiting all University employees' use of on-campus mail and resources for personal matters.  See Sigurdsson Decl. ¶ 4, Ex. 1.  In addition to the violation of policy, Defendants continued to express concern about whether Dr. Abdulhadi would receive actual notice or personal service in

-2-                                       Case No. 4:18-cv-04662-YGR
DEFENDANTS' RESPONSE TO NOTICE OF PLAINTIFF'S CURRENT ADDRESS AND TELEPHONE
NUMBER PER COURT'S JUNE 19, 2020 ORDER

the absence of providing her physical address to the Court. *Id.* Defendants offered that Plaintiff could address the concern about actual notice and personal service in one of two ways. First, she could (a) sign up for ECF and agree in writing to receive service of all federal filings by ECF and (b) provide an email address and agree in writing to receive service of all other documents in both cases by email, with the caveat that the parties would need to establish an arrangement for personal service of documents (whether at the California Faculty Association address or elsewhere). *Id.* Second, Plaintiff could provide her New York address and Defendants would not object to Plaintiff seeking to file her notice under seal. *Id.*

## 2. Requested Action

Defendants remain concerned about their ability to communicate with and serve Plaintiff and ensure that she receives actual notice of court filings and other papers in this litigation. These concerns relate to the facts that Plaintiff resides in New York, has not agreed to register for ECF, and has not provided a reasonable means to ensure she can receive actual notice. Accordingly, Defendants respectfully request that the Court order Plaintiff to file either an amended notice providing her physical address and a phone number where she may be reached, or, alternatively, an amended notice (i) indicating Plaintiff's agreement to receive service of all federal filings by ECF, (ii) indicating Plaintiff's agreement to receive service of all other papers by e-mail and providing an e-mail address, and (iii) providing a reasonable alternative to her residential address for effecting personal service on Plaintiff for instances in which personal service is necessary.

DATED:  July 10, 2020

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:     /s/ *Bryan H. Heckenlively*
      BRYAN H. HECKENLIVELY
Attorneys for Defendants Leslie Wong and Jennifer Summit

**[PROPOSED] ORDER**

IT IS HEREBY ORDERED that:

By no later than July \_\_\_\_, 2020, Plaintiff's Counsel shall file an amended notice with the Court either providing Plaintiff's physical address and a phone number where she may be reached, or, alternatively, an amended notice (i) indicating Plaintiff's agreement to receive service of all federal filings by ECF, (ii) indicating Plaintiff's agreement to receive service of all other papers by e-mail and providing an e-mail address, and (iii) providing a reasonable alternative to her residential address for effecting personal service on Plaintiff for instances in which personal service is necessary.

**It Is So Ordered.**

DATED: July \_\_\_, 2020

**Yvonne Gonzalez Rogers**
**United States District Court Judge**