Pages 1 - 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**Before The Honorable YVONNE GONZALEZ ROGERS, Judge**

| | | |
|---|---|---|
| RABAB ABDULHADI, | ) | |
| | ) | |
| Plaintiff, | ) | NO. C-18-4662 YGR |
| | ) | |
| vs. | ) | Wednesday, July 21, 2021 |
| | ) | |
| BOARD OF TRUSTEES | ) | Oakland, California |
| OF THE CALIFORNIA STATE | ) | |
| UNIVERSITY, | ) | |
| | ) | FURTHER CASE MANAGEMENT |
| | ) | CONFERENCE |
| Defendant. | ) | |

**REPORTER'S TRANSCRIPT OF ZOOM PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:       LAW OFFICE OF HAYTHAM FARAJ
                     8605 Santa Monica Blvd., Suite 44953
                     West Hollywood, California 90069
                **BY: KATHERINE MELIK-STEPANYAN, ESQUIRE**

For Defendant:       MUNGER TOLLES & OLSON LLP
                     560 Mission Street, 27th Floor
                     San Francisco, California 94105
                **BY: ALISON K. SIGURDSSON, ESQUIRE**
                     **BRYAN H. HECKENLIVELY, ESQUIRE**

Reported By:         Diane E. Skillman, CSR 4909, RPR, FCRR
                     Official Court Reporter

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | <u>Wednesday , July 21, 2021</u>                          <u>2:11 p.m.</u> |
| 2  |                      P R O C E E D I N G S                               |
| 3  |                              o0o                                          |

**THE CLERK:** Okay. All right. Calling Civil Action 18-4662 Rabab Abdulhadi versus Board of Trustees.

Counsel, please state your appearances.

**MS. MELIK-STEPANYAN:** Good afternoon, Your Honor. Katherine Melik-Stepanyan appearing on behalf of plaintiff.

**MR. HECKENLIVELY:** Good afternoon, Your Honor. Bryan Heckenlively with Munger Tolles and Olson appearing for defendant.

**MS. SIGURDSSON:** Good afternoon. This is Alison Sigurdsson, Munger Tolles and Olson, also appearing on behalf of defendant.

**THE COURT:** Okay. Good afternoon.

So at this point you need final dates. And this is the final set of dates in this case.

So, in terms of a -- we will work backwards. In terms of a trial date --

**MR. HECKENLIVELY:** Your Honor, before you make the next step of setting the dates, I wanted to update the Court on one item from the CMC statement, which is that we went in ex parte last week in the Superior Court and the State Court trial is going to begin on May 2nd of 2022, as we had anticipated.

1      **THE COURT:** Okay. Then you're going to -- you've
2   already gone to a settlement conference, right, with Judge
3   Corley?
4      **MR. HECKENLIVELY:** We did. We had an settlement
5   conference with Judge Corley on June 15th, and we had a
6   productive settlement conference. As usual, Judge Corley was
7   fantastic, but we weren't able to come to a resolution.
8      We proposed a slightly different order of events on this
9   schedule than we had under the prior schedule simply because I
10  think both parties agree that the only experts we're likely
11  going to have in this case are damages experts for trial.
12  They are not going to be relevant for summary judgment. To
13  try to be more efficient, we had suggested a schedule that
14  would have dispositive motions at the end of fact discovery
15  followed by expert discovery if the case did not resolve
16  either through the summary judgment motion or through
17  settlement discussions following the summary judgment motion.
18     **THE COURT:** All right.
19     Your nonexpert discovery cutoff, your request for
20  December 3rd, 2021 is granted.
21     You indicate filing a motion for summary judgment on a
22  35-day notice. So you all are going to work through the
23  holidays; is that what you're going to do?
24     **MR. HECKENLIVELY:** We tried to set out the dates with
25  that in mind. I think that we worked together pretty well,

1    and I think we can work out a briefing schedule that would
2    enable both sides to enjoy their holidays.  But I'm not sure,
3    Your Honor, whether you prefer us to identify a date by which
4    the motion is filed or a date by which the hearing is going to
5    occur.
6         **THE COURT:**  If you haven't read my standing order,
7    you need to.  And everybody listening in the electronic
8    gallery, pay attention.
9         I require that you have a conference with me before you
10   can file your motion for summary judgment.  So I will give you
11   the deadline of December 17th that you've asked for for
12   purposes of filing, but you still have to file your executive
13   summaries in advance.  You have to have a conference with me,
14   and at that time we can come up with a schedule.
15        You know, we'll see -- I take it that it is what, the
16   defense anticipates bringing a motion for summary judgment and
17   not the plaintiff or are these going to be cross-motions?
18        **MR. HECKENLIVELY:**  I think it's only the defense that
19   is going to be making the motion, Your Honor.
20        **THE COURT:**  All right.
21        So we can figure out at that time what it looks like.  I
22   can tell you -- what is the amount of time that you've -- that
23   you were assuming in terms of a decision on your summary
24   judgment that brought you to these dates of April for expert?
25   You were assuming something, right?  What were you assuming?

1     **MR. HECKENLIVELY:**  We don't want to presume the
2  Court's schedule.  We simply tracked the amount of time that
3  was in the prior schedule, which is, I think, three to four
4  months between the dispositive motion deadline and the final
5  pretrial conference.
6     **THE COURT:**  That's fine then.  Opening reports
7  April 1st, 2022, rebuttals April 15th, 2022.  And given that
8  they are just damages, I think May 2nd is appropriate.  So
9  May 2nd, 2022 for purposes of the close of expert discovery
10  with *Daubert* motions filed by May 9th.  That's fine, too.
11  *Dauberts* on damages experts, that would be interesting to
12  the extent that you have anything.
13     **MR. HECKENLIVELY:**  I don't think we will, but we
14  wanted to put the date on calendar.
15     **THE COURT:**  So do you then want me to wait to give
16  you your trial date?
17     **MR. HECKENLIVELY:**  Yes, Your Honor.  I think that was
18  what we envisioned.  If you prefer to set a trial date, of
19  course that is fine with us as well.
20     **THE COURT:**  We can stick with those.  I try not to
21  put things on my calendar that I am not sure if they are going
22  to go.  And given that you have the May trial date, that's
23  probably best.
24  So let's just stick with those dates.  And if we get to a
25  point where we need to have a trial date, usually things

1  settle, so I'll have some openings.  I should be able to pop
2  you in there probably in the early fall without too much of a
3  problem.
4              **MR. HECKENLIVELY:**  All right.  Thank you, Your Honor.
5              **MS. MELIK-STEPANYAN:**  Thank you, Your Honor.
6              **THE COURT:**  Okay.  Is there anything else?
7              **MR. HECKENLIVELY:**  Your Honor, there is one small
8  thing that we raised in the Case Management Statement that I
9  wanted to address, and that's General Order 71.  We have not
10 made the General Order 71 disclosures.  It's not -- I will be
11 candid, it is not entirely clear to me that a 1983 retaliation
12 case would qualify as an employment case, but in any event, we
13 have got the State Court case going.  We have engaged in some
14 of the same discovery that the general order would ask the
15 parties to engage in, so we don't think it's necessary in this
16 case.  I think both parties agree on that, but I want to make
17 sure we had the Court's blessing before proceeding without
18 making the General Order 71 disclosures.
19             **THE COURT:**  Is that agreeable to the plaintiffs?
20             **MS. MELIK-STEPANYAN:**  That is agreeable, Your Honor.
21             **THE COURT:**  To the extent it applies, you are
22 relieved of your duties.
23             **MR. HECKENLIVELY:**  Thank you, Your Honor.
24             **THE COURT:**  Let's see.  What else do we have?
25    Why don't I go ahead -- well, I guess the next I'll hear

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC**

1  from you is sometime in December for purposes -- if it doesn't
2  resolve one way or the other -- for purposes of a summary
3  judgment conference.
4          **MR. HECKENLIVELY:**  That's right, Your Honor.
5          **THE COURT:**  Okay.  I think that's good enough.  So
6  we'll just leave it at that.  And I will see you back here
7  sometime before those motions get filed.
8          **MR. HECKENLIVELY:**  Okay.  Thank you very much, Your
9  Honor.
10         **MS. MELIK-STEPANYAN:**  Thank you very much, Your
11 Honor.
12         **THE COURT:**  Thank you.
13         **MS. SIGURDSSON:**  Thank you.
14              (Proceedings concluded at 2:20 p.m.)
15
16
17                    **CERTIFICATE OF REPORTER**
18         I, Diane E. Skillman, Official Reporter for the
19 United States Court, Northern District of California, hereby
20 certify that the foregoing is a correct transcript from the
21 record of proceedings in the above-entitled matter.
22
23                    _Diane E. Skillman_
24              DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
25                    Thursday, August 5, 2021